MEYER V. GOSSETT.

88   377
62    18
62   326

1. DOWER: *How relinquished by wife.*
Where a husband's deed of conveyance is followed by a paragraph relinquishing dower on the part of the wife, and then follow the signatures of both husband and wife, this is such a joining with the husband in the deed as is required by the Statute for the relinquishment of dower in his real estate.

2. ACKNOWLEDGMENT OF DEED: *False certificate of; Burden of proof.*
The burden of proof that a certificate of acknowledgment of a deed is false, and that no acknowledgment was, in fact, made, is upon the party alleging it.

3. SAME: *Certificate of; When and of what evidence.*
When there is no appearance before an officer to acknowledge the execution of a deed, and no acknowledgment of it, in fact, his false certificate of acknowledgment is void *in toto;* but where there is an appearance and acknowledgment of it in some manner, then the official certificate of the acknowledgment is conclusive of every fact appearing on its face; and evidence of what passed at the time of the acknowledgment is inadmissible to impeach the certificate, except in case of fraud or imposition in obtaining the acknowledgment, and where knowledge or notice of the fraud or imposition is brought home to the grantee.

APPEAL from *Ouachita* Circuit Court in Chancery.
Hon. J. K. YOUNG, Circuit Judge.

STATEMENT.

Mrs. Gossett and her minor children, the heirs of John Gossett, deceased, filed in the Ouachita Circuit Court their complaint in equity against Meyer, alleging in substance, that in 1875, her husband, the said John Gossett, to secure a debt he owed to Meyer, had executed to him a deed upon certain stock and a tract of land in Nevada county, called the Beard place. That afterwards Meyer agreed to release said

47–38

stock, and reconvey said land to said Gossett, in consideration that he would secure said debt and other indebtedness on their homestead tract in Ouachita county; and on the first of May, 1876, Gossett executed a deed of trust to one R. B. Tunstall, on said homestead tract, with power to sell and pay the debt, if not paid by the first of the following January. To this deed there was added a relinquishment of dower, and she and her husband signed it at their home, and then went together to a justice of the peace in the neighborhood, and her husband handed it to the justice, at his yard gate, telling him "there was that deed;" and the justice took it into his house, and soon returned with his certificate of their acknowledgment of its execution attached to it, and delivered it to her husband; but that in fact she did not acknowledge it, nor did the justice examine her separate from her husband, or say anything to her about her execution of it. That since then said Meyer has had the lands sold under said deed, and purchased them. Her husband is now dead, and she is entitled to and prays for dower in the lands.

A further statement of the pleadings and proceedings in the Circuit Court is unnecessary. The opinion sufficiently states them.

*Compton, Battle & Compton,* for appellant.

1. To impeach and set aside the deed of a married woman, regular on its face, the rule is that the proof of fraud in its procurement, or of the falsity of the certificate of the acknowldgment, should be *clear and satisfactory. Montgomery* v. *Hobson, Meigs, (Tenn.),* 437; *Williams* v. *Robinson, 6 Ohio St.,* 510–515; *Holt* v. *Moore, 37 Ark.,* 148.

2. Appellant was a purchaser in good faith, and for a

Meyer v. Gossett.

valuable consideration without notice, and *even if fraud and coercion were found, and the certificate shown to be false,* appellee cannot avoid the deed as to him. *Holt* v. *Moore, Sup., Schrader* v. *Decker,* 9 *Bar.,* (*Penn.*) 14; *Singer Mf'g Co.* v. *Rook,* 84 *Penn.,* 442; *Louden* v. *Blythe,* 4 *Harris,* (*Penn.*) 532; *Baldwin* v. *Snowden,* 11 *Ohio St.,* 203; *Harkins* v. *Forsyth,* 11 *Leigh,* 249; *Stone* v. *Montgomery,* 35 *Miss.,* 83; *Lowden* v. *Blythe,* 3 *Casey, Penn.,* 22; *Hartley* v. *Frost,* 6 *Tex.,* 208; *Kerr* v. *Russell,* 69 *Ill.,* 666; *White* v. *Graves,* 107 *Mass.,* 325; *Johnson* v. *Wallace,* 53 *Miss.,* 331.

3. No fraud or coercion being proved, the certificate of acknowledgment is conclusive, and parol evidence not admissible to show that it is false. 3 *Casey,* 22; 11 *Ohio St.,* 203; 6 *Tex.,* 208; 11 *Leigh,* 294; 35 *Miss.,* 83, *cited supra.*

*G. M. Barker,* for appellees:

Wife can only relinquish dower by joining in the conveyance with her husband, and acknowleding same in the mode prescribed by law. *Gantt's Dig., secs.* 839, 2225, 2238; 31 *Ark.,* 576, *etc.* The name of Mrs. Gossett nowhere appears in the body of the mortgage as a party; this is not such a joining as is contemplated by the Statute. *Gantt's Dig., sec.* 839; *Stidham* v. *Matthews,* 29 *Ark.,* 659. An acknowledgment taken, as the proof shows this to have been, though good in form, does not bar her right of dower. 27 *Ark.,* 339; 29 *Ib.,* 650.

Appellee was entitled to the mansion and farm attached until dower assigned. *Gantt's Dig., sec.* 2227; *Russell* v. *Umphlet,* 27 *Ark.,* 339, 342, and to rents.

OPINION.

ENGLISH, C. J. The court below decreed Mrs. Gossett.

dower in the land embraced in the deed of trust of first of May, 1876, executed by her deceased husband, sold by the trustee, and purchased by appellant, Henry W. Meyer, on the ground that though she signed the deed she did not acknowedge it in the manner prescribed by the Statute. It is submitted here for her, that she did not join her husband in the deed, and therefore her relinquishment of dower, if properly acknowledged, was invalid, and the decree, on that ground right.

1. DOWER: How relinquished

I. To make a valid relinquishment of dower, by the wife, in the real estate of the husband, she must join him in the deed of conveyance, and acknowledge it in the manner prescribed by the Statute. *Gantt's Dig.*, sec. 839.

If she does not join him in the deed the acknowledgment is of no validity. Nor if she join him in the deed, is there a valid relinquishment of dower without a proper acknowledgment of its execution by her. Both are requisite to complete the conveyance on her part. *Stidham and wife* v. *Matthews*, 29 *Ark.*, 659; *Witter* v. *Biscoe et al*, 13 *Ib.*, 423; *McDaniel* v. *Grace*, 15 *Ib.*, 465,

Form of deed.

The name of Mrs. Gossett is not mentioned in the commencement of the deed as one of the parties to it, but the deed closes with the following paragraph: "And I, Elizabeth F. Gossett, wife of said John Gossett, for the consideration aforesaid, do hereby release and relinquish unto said Robert B. Tunstall, trustee, all my right or claim to dower in and to said lands." Then follow the signatures and seals of John Gossett and Elizabeth F. Gossett. It is true that the signature of the husband appears above the closing paragraph of the deed, as well as below it, but it is probable that he signed above by inadvertence, and again subscribed his name at the conclusion of the deed. In the bill and in her deposition, Mrs. Gossett admits that she and her husband signed the deed on the day it bears date; and it was

Meyer v. Gossett.

not delivered to Meyer, the beneficiary, until after the certificate of acknowledgment was appended to it by the magistrate, which bears date tenth of May, 1876, and on the next day it was filed in the recorder's office for registration. On the face of the deed, therefore, it sufficiently appears that she joined with her husband in its execution, and there is nothing substantial in the objection submitted as above.

II. The deed of trust appears by the magistrate's certificate to have been acknowledged by both husband and wife in the manner prescribed by the Statute. When delivered by the husband to Meyer, the beneficiary, for a valuable consideration, it appears to have been signed and properly acknowledged by husband and wife, and it was shown in evidence that neither Meyer nor the trustee named in it, was present when it was subscribed or when it was acknowledged.

2. ACKNO-WLEDG-MENT OF DEED:

False certificate of:

In *Holt* v. *Moore*, 37 *Ark.*, 148, JUSTICE EAKIN said: "It is certainly true that the acknowledgment of a married woman to her deed, duly certified, although *prima facie* evidence, is not conclusive against her, either as to the fact that the acknowledgment was made as certified, or that the facts which she acknowledged were themselves true, unless it be against a vendee for a valuable consideration, who was himself ignorant of the falsity of the facts and had no participation in the fraud. As to him, she must be held estopped where the acknowledgment was actually made, or there would be no safety in conveyances. A false certificate of acknowledgment, where none was made would present a different question. (See cases commented upon, 1 *Bish. on Married Women*, sec. 591.)"

In the bill, Mrs. Gosett alleges, in effect, that she did not acknowledge the deed. This was denied on information and belief in the answer of Meyer, who, it appears, accepted the deed on faith of the magistrate's certificate. The deed, appearing by the certificate appended to it to have been

Burden of proof.

properly acknowledged, had been registered, and if it was permissible to show that the certificate of acknowledgment was false, a mere fabrication of the officer, and that no acknowledgment was in fact, made by the complainant, the *onus probandi* was upon her.    *Watson* v. *Billings, ante.* 278.

3. Certificate of acknowledgment: when and of what evidence.

Mrs. Gossett admits in her deposition that she and her husband signed the deed at home, and that she afterwards went with him to the house of James B. Gunter, the justice of the peace, who made the certificate of acknowledgment, for the purpose of acknowledging the deed, but states that he asked her no questions; that he did not examine her apart from her husband; that she did not acknowledge the deed, and that his certificate was false.    She admits that neither Meyer nor the trustee was present when the deed was signed, or at the house of the justice when the certificate was made, and that she had no communication with them. There is no evidence that either of them had any knowledge, at the time the deed was accepted, that there was any fault in its acknowledgment on the part of Mrs. Gossett.

Gunter, the justice, deposed, in substance, that Gossett and wife came to his house, each riding a separate horse, on the day his certificate bears date, and stopped at the gate in front, and he went out to them.    Gossett handed him the deed, saying it was ready for acknowledgment, and acknowledged that he had signed it for the consideration and purpose therein mentioned.    Then Gossett rode away and left Mrs. Gossett at the gate, and he took her acknowledgment, and she acknowledged that she had signed the deed for the consideration and purposes therein set forth; and he then went into his house and made the certificate appended to the deed.

Harrington, another witness, deposed that he saw Gossett and wife at the gate, on their horses, six or eight feet apart, that Gunter came out to where they were, remained

about a minute, returned to the house leaving Gossett and wife at the gate, remained in the house about ten minutes, then returned to the gate where Gossett and wife were, and they rode off. He was not near enough to hear what was said, nor did he see any papers pass between them.

The Chancellor did not find, upon all the evidence, that Mrs. Gossett did not acknowledge the deed at all, that the certificate of the justice was entirely false, a mere fabrication, but found as recited in the decree, that her acknowledgment was taken by the justice without making the privy examination in the absence of her husband, as required by law.

It was held in *Johnson* v. *Wallace*, 53 *Miss.*, 331, that where the wife never appeared before an officer to acknowledge the deed, but he falsely certified that she did, his act is wholly without authority of law, and void *in toto*. All must be subject to the risk of an occasional forgery by officers authorized to take acknowledgments. But a deed having been signed by husband and wife, and she having appeared before an officer competent to take her acknowledgment, and having acknowledged in some manner, and he having certified on the deed that she had acknowledged on a private examination separate and apart from her husband, and that she had executed the deed freely and voluntarily, without any fear, threats, or compulsion on the part of her husband, the truth of the certificate as to its statements cannot be questioned as against a *bona fide* purchaser.

That case is similar to this, and the decision is in harmony with the rule as announced in *Holt* v. *Moore, sup.*

The rule seems to be very well settled that the official certificate of acknowledgment is conclusive of every fact appearing on the face of the certificate, and that evidence of what passed at the time of the acknowledgment is not admissible to impeach the certificate, except in cases of

fraud or imposition in obtaining the acknowledgment, and where knowledge of it, or of some circumstance sufficient to put him on enquiry, is brought home to the grantee.

III.   The heirs at law of John Gossett, deceased, minors, joined their mother in the bill, but no notice of them was taken in the decree, nothing decreed to them, and they did not appeal.

After Meyer had purchased the lands embraced in the deed of trust of first of May, 1876, at a sale made by the trustee, he contracted to re-sell and convey to John Gossett, on terms and conditions specified, in the written contract, but Gossett died before any payment was made. What right his heirs may have to pay for the lands under that contract, and to have the rents appropriated in payment of the purchase money, and what right they may have to redeem the lands in Nevada, known as the Beard place, mentioned in the bill, are not questions presented on this appeal.

The court below erred in decreeing to Mrs. Gossett dower in the lands embraced in the deed of trust of May 1st, 1876, and in the rents thereof, on the ground that she had not relinquished her dower right therein, and the decree must be reversed and the bill dismissed here, without prejudice to the heirs at law of John Gossett.