## GOODMAN *v.* PAREIRA.

Opinion delivered December 21, 1901.

1. MORTGAGE—PROOF OF EXECUTION OF NOTES.—If a trust deed describes the notes which it was given to secure, and is duly acknowledged and filed for record, it is immaterial that the notes were executed by the mortgagor by making his mark, which was not witnessed as required by law. (Page 52.)

2.  STATUTE OF LIMITATION AS TO MORTGAGES—CONSTRUCTION.—The act
    of March 31, 1887, providing, in effect, that when a debt secured by
    a mortgage is barred an action to foreclose the mortgage shall
    also be barred, is prospective in its operation, so that no mortgage
    to which it applies would be barred in a shorter time after
    its passage than the period of limitation prescribed for the debt
    secured, unless sooner barred by adverse possession. (Page 53.)

3.  ADVERSE POSSESSION BY MORTGAGOR—PAYMENTS.—Payments on a debt
    secured by a mortgage of land, made by the widow of the mort-
    gagor in possession of the land, are an acknowledgment of holding
    under the mortgage, and that there was no intention to claim
    adverse possession. (Page 53.)

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

Affirmed.

STATEMENT BY THE COURT.

On the 18th day of August, 1876, Isaac Swanigan executed
and delivered to A. Kempner four promissory notes, for $198.75
each, payable on January 1, 1877, 1878, 1879 and 1880, respec-
tively, bearing interest at the rate of 8 per cent. per annum from
January 1, 1877. On the same day, to secure the payment of said
notes, Swanigan and his wife, Isabella, executed to I. Pareira,
trustee, a deed of trust conveying the southeast quarter of the east
half of the southeast quarter of section 10, township 2 north, range
13 west, in Pulaski county. The deed was duly acknowledged on
the same day, and filed for record on the 25th of the same month.

Swanigan paid $139.20 on the first note on January 24, 1880.
Swanigan died in 1881. After his death Kempner says no pay-
ments were made except small amounts of $10 at one time and $5
at another. Swanigan's widow, on the other hand, claims that she
paid ten bales of cotton on the mortgage debt after her husband's
death, delivering to Kempner three bales in 1882, four in 1883,
and one in 1884 and two in 1885.

On the 10th day of September, 1889, Pareira, the trustee,
filed a complaint in the Pulaski chancery court to foreclose the
trust deed, making the widow and children of Swanigan parties
defendant. Afterwards the plaintiff filed an amendment to the
complaint, alleging that there had been a mistake in describing the
land in the trust deed, and that the land intended to be conveyed
was the northeast quarter of southeast quarter of section 10, town-

ship 2 north, range 13 west, and praying that the trust deed be reformed so as to describe the land intended to be conveyed, and for foreclosure, etc.

The adult defendants answered, pleading (1) seven years' adverse possession; (2) that the notes were barred by limitation; (3) that the cause is barred by plaintiff's laches; (4) that debt was paid by Swanigan in his lifetime.

A guardian *ad litem* was appointed for all minor defendants. The case came on for trial on January 9, 1897, and the decree of the chancellor was as follows: "On this day comes the plaintiff by W. S. McCain and David B. Samuels, his solicitors, and come the defendants, Isabella Goodman, now Isabella Young, and Matilda Phillips, by W. J. Terry, solicitor; and comes T. M. Seawell as guardian *ad litem* of Amos Swanigan, Robert Swanigan and Amy Swanigan, infant defendants herein. And it appearing to the court that due service of process of summons against said defendants for the time and in the manner prescribed by law, issued on the complaint, has been made in this cause, and this action, being reached upon the call of the calendar, is submitted to the court for its consideration and judgment, upon the complaint, with its exhibits, and amendment to complaint, and the answer and amended answer of the defendants Isabella Young, Matilda Phillips, and upon the answer of T. M. Seawell as guardian *ad litem* for said infant defendants, the depositions of L. S. Lipscomb and A. Kempner and A. Kempner's second deposition, and upon the original notes and deed of trust, and upon the deposition of Isabella Goodman and Matilda Phillips. And it appearing to the court that on August 18, 1876, Abraham Kempner sold and intended to convey to one Isaac Swanigan the following land in Pulaski county, Arkansas, to-wit: The northeast quarter of the southeast quarter of section ten (10), township two (2) north, of range thirteen (13) west, containing forty (40) acres, but by mistake of the draftsman said forty acres of land was improperly described, and that said Isaac Swanigan gave for said land to said Abraham Kempner four promissory notes, which he still holds, and on which the sum of six hundred (600) dollars is now due, with interest from this date at the rate of 10 per cent. per annum; and, in order to secure the payment of said notes for purchase money, the said Isaac Swanigan executed and delivered to the plaintiff, Isaac Pareira, as trustee for said Kempner, a mortgage, which was intended to describe and convey said land, but by mistake of the

draftsman only a part of said land was described; now therefore it is ordered, adjudged and decreed that said mortgage be reformed so as to describe said northeast quarter of the southeast quarter of section ten (10), township two (2) north, range thirteen (13) west, in Pulaski county, Arkansas; and, it further appearing that said Isaac Swanigan is dead, and the defendant Isabella Goodman is his widow, and the other defendants are his only heirs, it is further ordered, adjudged and decreed that the equity of redemption of the defendants, and each of them, in said land be, and the same is hereby, barred and foreclosed, and that said land be sold for the satisfaction of said sum of six hundred (600) dollars so due the said Kempner as aforesaid, and the costs."

*Blackwood & Williams,* for appellants.

A guardian can admit nothing. 39 Ark. 235; 47 Ark. 297; 42 Ark. 222; 44 Ark. 236; 39 Ark. 61. Signature by mark must be witnessed. Sand. & H. Dig., § 7204; 38 Ark. 282; 49 Ark. 18; 51 Ark. 48. In foreclosure proceedings the note for which the mortgage was given must be produced. Jones, Mortg. § 805. A recital in a mortgage is not a covenant. 61 Ark. 115; 65 Ark. 490; 67 Ark. 29; Sand. & H. Dig., §§ 4827, 5094; Acts 1887, p. 196. An administrator cannot make payment, so as to take claim out of statute of limitations. 65 Ark. 5; 60 Ark. 497; 132 Mass. 33; 10 Ark. 642; 7 Gray, 275; Wood, Lim. § 101; 89 N. Y. 456; 26 Ark. 540; 68 Ga. 834.

*J. H. Harrod* and *D. B. Samuels,* for appellees.

Under the law prior to the act of March 25, 1889, the action to foreclose was not barred when the debt was barred. 29 Ark. 591. This action was instituted within a year after the above-named act, and is not governed by it. 56 Ark. 485, 496-7. To constitute adverse holding by a mortgagor, there must be an open and notorious denial of the mortgagee's title. 43 Ark. 504; 43 Ark. 469.

HUGHES, J., (after stating the facts.) The notes which the trust deed was given to secure were executed by Swanigan, the mortgagor, by making his mark, which was not witnessed as required by law, wherefore the appellants contend that the evidence of their execution is not sufficient. But the deed of trust contained a full description of the notes, and it was duly acknowledged and

filed for record. This was sufficient proof of the execution of the notes. Was the deed of trust barred?

When it was executed the law was that, to bar a proceeding to foreclose a mortgage, there must have been an adverse holding for such a period as would bar an action of ejectment, which was seven years. The fact that the statute bar had attached to the debt secured by the mortgage would not affect a proceeding to foreclose. *Birnie* v. *Main*, 29 Ark. 591. The act of March 31, 1887, provides that when a debt secured by a mortgage is barred, an action to foreclose the mortgage shall be also barred. But this act was only prospective in its operation, and did not apply to mortgages existing at the time of its passage. · *Duke* v. *State*, 56 Ark. 485. "No mortgage to which it applies would be barred in a shorter time after its passage than the period of limitation prescribed for the debt secured, unless barred sooner by adverse possession." *Id.* The second section of the act of March 25, 1889, provides "that in all cases in existing mortgages where the debt or liability would be barred by the terms of this act, or where the debt or liability exists would be barred in less than one year from the date of this act, the party in whose favor said debt or liability exists shall be allowed one year from the date of this act to bring an action to enforce the same." This suit was instituted September 15, 1889, within less than one year from the date of the passage of the act, which was March 25, 1889. The mortgage existed when the act of 1889 was passed, on the 31st of March, 1887. It was not barred then, and would not have been until five years thereafter, and in 1889 the act above quoted allowed one year after its passage within which to bring the action to foreclose. Therefore, as the suit was brought within the year after the passage of the act of 1889, it was in time, and was not barred.

The answer to the claim of adverse possession for seven years is that the appellant, Mrs. Goodman, made payments on the debts secured by the mortgage in 1882, 1883, 1884 and 1885. Though these payments by Mrs. Goodman might not have the effect to prevent the running of the statute, yet they were an acknowledgment, in effect, of holding under the mortgage, and that there was no intention to claim adverse possession. They continued to within four years of the bringing of the suit to foreclose.

To constitute adverse holding against a mortgagee by the mortgagor, there must be open and notorious denial of the mortgagee's title. *Birnie* v. *Main*, 29 Ark. 591.

This holds not only as to the mortgagor, but as to privies and grantees with notice. *Whittington* v. *Flint,* 43 Ark. 504; *Ringo* v. *Woodruff,* 43 Ark. 469. The suit was not barred.

The decree is affirmed, with directions to proceed to foreclose the mortgage.