## NICHOLS v. HOWSON.

### Opinion delivered March 21, 1910.

DEED—ACKNOWLEDGMENT BY GRANTEE'S AGENT.—A deed is not invalid because the grantor's acknowledgment was taken by an agent of the grantee.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Irving Reinberger,* for appellants.

1. The deed is void for fraud and deceit exercised in procuring its execution. 17 Ark. 498; *Id.* 71. If appellant believed she was signing a mortgage and not a deed, the instrument should be construed as a mortgage. Jones on Mortgages, § 279.

2. Where the officer who takes the acknowledgment is the agent of the grantee, his act is invalid, and the record of such a deed imports no notice to subsequent purchasers of encumbrances. 43 Ark. 421; 32 Am. Dec. 754.

*Taylor & Jones,* for appellee.

1. Appellant's testimony by no means discharges the burden resting upon her to establish fraud, and it will not be presumed. 37 Ark. 148; 86 Ark. 455; 77 Ark. 357.

2. The acknowledgment, if defective, is cured by subsequent acts of the Legislature. Kirby's Dig., §§ 783, 786; Acts 1907 p. 355; 62 Ark. 324. But the acknowledgment is not invalidated by reason of the notary's agency. 56 Ark. 511.

3. A chancellor's finding of facts will not be set aside unless contrary to a clear preponderance of the evidence. 67 Ark. 287; 68 Ark. 314; *Id.* 134; 72 Ark. 67; 73 Ark. 489; 67 Ark. 200; 75 Ark. 52; 77 Ark. 305.

McCULLOCH, C. J. The principal question involved in this case is whether a certain deed, executed by appellants, Sylvia Nichols and her husband, Emanuel Nichols, to appellee, Mary E. Howson, purporting to convey a tract of land in fee-simple, was intended to operate as a mortgage, and whether appellee or her agent in procuring the execution of the deed falsely and fraudulently represented to the grantors that the instrument was a mortgage deed. The case was submitted to the chancellor on conflicting testimony, and we cannot say that the finding is against the preponderance of the testimony. Indeed, we think there is a decided preponderance in favor of the finding of the chancellor.

Another question involved is one of law—whether or not the deed was invalidated by reason of the acknowledgment having been taken by a notary public who was the agent of appellee in the transaction of business. The deed was not invalidated by reason of that fact. *Penn* v. *Garvin,* 56 Ark. 511.

If, however, there were originally any defects in the conveyance, they have been cured by statutes passed since that time. See act of March 20, 1903 (Kirby's Dig., § 786), and act of April 4, 1907 (Acts of 1907, p. 354).

Decree affirmed.