O'NEAL *v.* JUDSONIA STATE BANK.

Opinion delivered February 23, 1914.

1. APPEAL AND ERROR—CANCELLATION OF MORTGAGE—CONFLICTING EVIDENCE—FINDING OF CHANCELLOR.—Plaintiffs brought suit to have certain recorded mortgages set aside, on the ground that they had not executed them; the defendant mortgagee of record, answered, and by cross complaint asked a foreclosure of the mortgages; *Held*, where the evidence was in irreconcilable conflict on the issues raised, the decree of the chancellor, ordering a foreclosure, not being against the preponderance of the testimony, will not be disturbed. (Page 592.)

2. MORTGAGES—FAILURE TO SIGN—ACKNOWLEDGMENT—RATIFICATION.—A person who properly acknowledges the execution of a mortgage which he did not sign, thereby ratifies, and renders the mortgage valid and binding. (Page 592.)

3. PARTNERSHIP—CHATTEL MORTGAGE—RIGHT OF PARTNER TO EXECUTE.—A chattel mortgage given to secure a partnership debt, and executed by the managing partner, is binding upon all the members of the partnership. (Page 592.)

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellants filed their bill in equity setting up that W. B. O'Neal and G. M. O'Neal owned an undivided two-thirds interest in certain lands in White County, Arkansas, therein described, and an undivided three-fourths interest in certain other lands; that Dona O'Neal was the

wife of E. E. O'Neal. That there were of record in said county, mortgages upon said lands, or part of them, purporting to have been executed by E. E. O'Neal and his wife, Dona O'Neal, W. B. O'Neal and his wife, Grace O'Neal, and G. M. O'Neal; one to C. M. Erganbright, as trustee for the Judsonia State Bank, recorded on mortgage record 31, page 168, and the other to J. N. Rachels, as trustee, for said bank, of record in mortgage record 33, page 104; the one to secure a purported debt of $6,-000, the other to secure a purported debt of $8,000.

Complainants alleged that neither said W. B. O'Neal nor G. M. O'Neal signed or executed said pretended mortgages, and they alleged that Dona O'Neal, who was entitled to a one-third interest for life in the lands left by her husband, E. E. O'Neal, deceased, never, at any time, signed or executed said pretended mortgages.

It was further alleged that on April 20, 1910, there was filed in the office of the circuit clerk of White County, Arkansas, a mortgage, purporting to have been signed by said E. E. O'Neal, W. B. O'Neal and G. M. O'Neal, to the Judsonia State Bank, relating to a sawmill outfit, three mules, and a log wagon and some other property, as to the description of which there is no controversy, for a pretended debt of $6,000, which complainants say was never signed, or executed, by said W. B. O'Neal or G. M. O'Neal.

It was further alleged that on May 3, 1911, there was filed in the office of the said circuit clerk of White County, Arkansas, another mortgage purporting to have been executed by said E. E. O'Neal, W. B. O'Neal and G. M. O'Neal on April 14, 1911, to the Judsonia State Bank, conveying certain personal property, as to the description of which there is no controversy, to secure a debt of $8,000, but complainants stated that said W. B. O'Neal and G. M. O'Neal never, at any time, executed said instrument. And Dona O'Neal denied that the said chattel mortgage had ever been executed by her deceased husband, and claimed a third interest in the share of her husband in said chattels.

And complainants prayed that the defendants be required to bring said pretended mortgages into court, and that they be cancelled and set aside and the title held by said parties quieted.

Copies of the said mortgages were attached as exhibits to the complaint.

The answer denied all the material allegations of the complaint, and the defendants also filed a cross complaint asking that the mortgages referred to in the complaint be foreclosed against plaintiffs.

*Morris M. & Louis M. Cohn,* for appellants.

Counsel discuss the evidence and contend that appellants neither signed nor acknowledged the instruments in question.

A partner's mortgage of real estate, though in the firm name, and for a firm debt, only binds the interest of the partner. 61 Ga. 676; 65 Ga. 71; 72 Ga. 830; 76 Ala. 593; 57 Ind. 532; 4 La. Ann. 56; 70 Ark. 211.

Without authority under seal one partner can not bind another by deed. 5 Har. (Del.) 291; 4 Mo. 417; 19 Pa. St. 235; 21 Tenn. 534; 20 Ark. 92; 1 Ark. 206; 1 Mart. (N. S.) 290; 47 La. Ann. 346, 16 So. 852; 42 Mass. 575; 35 Am. Dec. 374; 33 Tex. 16.

*S. Brundidge,* for appellee.

1. The evidence is not sufficient to impeach the certificate of acknowledgment of the instruments in question, nothing in the record tending to prove any fraud on the part of the officer taking the same, or any collusion. His certificate must prevail. It can not be overthrown by the testimony of one who denies his signature to the instruments in question. 52 N. E. 921; 100 Ill. 385; 17 N. E. 782.

2. The right of one partner to execute a chattel mortgage on property belonging to the firm is settled in this State. 83 Ark. 117.

3. The evidence is all to the effect that the real estate contained in the deed was bought with partnership funds for the common use of the firm, and was so held

with no special ownership or title in the individual members of the firm, or any one of them.

In a court of equity all the property of a partnership is treated as personal estate. 1 Lindley on Partnerships, § 410; 56 Ark. 170; 135 U. S. 282; 110 U. S. 94; 6 Am. & Eng. Ann. Cases, 34.

SMITH, J., (after stating the facts). The evidence is in irreconcilable conflict. Appellants deny that they either signed or acknowledged the instruments sought to be foreclosed, but they admit this is the only question in the case. There is evidence, however, of an admission of the execution of the instruments in question, of a character, so positive, as to preclude any idea that the witness is mistaken in saying that he heard the admissions made. And there is some evidence which corroborates, and other evidence which contradicts, the statements of these witnesses and leaves the issue in some uncertainty; but these instruments appear to have been acknowledged and thereafter immediately placed of record. It is true appellants also deny acknowledging the instruments, but we think the proof on that subject sufficiently turns the scale for us to say that the chancellor's finding that appellants did execute the instruments in question is not clearly against the preponderance of the evidence. And if appellants did in fact acknowledge the execution of the mortgages, then it is immaterial that they may not have signed their own names. "An unauthorized signature is ratified by the person appearing before an officer and acknowledging the execution of the instrument." *Ward* v. *Stark,* 91 Ark. 268; *Goodman* v. *Pareira,* 70 Ark. 49; *Vines* v. *Clingfost,* 21 Ark. 309; *Watson* v. *Billings,* 38 Ark. 278.

As to the chattel mortgage filed with the clerk on April 20, 1910, it appears to be unquestioned that this was a conveyance of partnership property to secure a partnership debt, and its execution by E. E. O'Neal, one of the partners, and the active business manager of the firm, is not denied. He had this power. *First National*

*Bank* v. *Bedingfield,* 83 Ark. 109; *Jacks* v. *Greenhaw,* 105 Ark. 615.

Various credits appear upon the notes in suit, but there is no dispute as to the amount due the bank. The court below decreed a foreclosure of all the mortgages, and that decree is affirmed.