## MERIWETHER–GRAHAM–OLIVER CO. v. BANK OF COMMERCE.

(District Court, W. D. Tennessee, W. D.  June 26, 1923.)

### No. 771.

1. **Partnership ⬅138—One partner may dispose of partnership property.**
   Generally one partner has the right to dispose of partnership property for partnership purposes, or in satisfaction of partnership debts, or to secure advances to be made to the partnership for partnership purposes, even though such disposition be without the knowledge or consent of any other member of the firm.

2. **Partnership ⬅34—Persons holding out as partners liable as partners.**
   Where parties hold themselves out as partners, so far as their dealings with third parties are concerned, they are partners, regardless of their prior agreements among themselves or with certain other third parties, not generally known.

3. **Partnership ⬅142(2)—Mortgage to secure individual indebtedness not good as to partnership property.**
   A mortgage of partnership property by one partner as an individual to secure an individual indebtedness *held* not good as to partnership property, except as to the individual interest of the mortgagor after the satisfaction of the partnership debts, and hence invalid as against a mortgage executed by the partnership on partnership property to secure partnership debts.

4. **Partnership ⬅142(2)—Use of individual mortgage proceeds for partnership purposes held immaterial, as to enforcement against partnership.**
   Where an individual executes a deed of trust to secure an individual liability, and yet uses a portion of the funds obtained for partnership purposes, this individual liability cannot be enforced against a partnership liability, where to do so would result in prejudicing the rights of the third party, who had dealt with the partnership as such.

In Equity. Suit by the Meriwether-Graham-Oliver Company against the Bank of Commerce. Bill dismissed.

ROSS, District Judge. Meriwether-Graham-Oliver Company is a corporation located at Memphis, Tenn., engaged in business as cotton factors and commission merchants. L. G. Dean is a resident of Shaw, Miss., and prior to and during the year of 1920 was the owner of considerable landed estate, both in Mississippi and Crittenden county, in the state of Arkansas; the lands in Arkansas being known as the Hudson, Fairchilds, Parker, and Boyd lands. S. L. House was a nephew of Dean, and during the year 1920 resided in Crittenden county, Ark., on the lands purchased by Dean. On the 20th day of March, 1920, L. G. Dean and wife executed to plaintiff a deed of trust on the Arkansas lands and on certain live stock and personal property situated on the lands, and on the crops to be grown on said lands during the year 1920, to secure the individual note of Dean in the sum of $75,000, due November 1, 1920, and to secure also certain advances to be made by plaintiff to Dean in the year 1920. The amount of such advances is

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not specified. This deed of trust was duly recorded the 7th day of April, 1920.

On the 8th day of December, 1920, there was executed by Dean & House, purporting to be a firm, by S. L. House, as one member of the firm, to defendant Bank of Commerce, of Earle, Ark., a deed of trust on certain live stock and personal property, and on the entire crops of cotton, corn, hay, etc., which had been raised or grown on the lands mentioned in Crittenden county, Ark., during the year 1920, including the crops already harvested, or such parts thereof as remained in the fields. This deed of trust was to secure a note to the bank in the sum of $19,747.13, due January 1, 1921, and which note embraced the amounts of money advanced by the bank at various dates from March 19, 1920, to the date of the execution of the deed of trust, to Dean & House as a firm, for expenses incident to the making and harvesting of the crops on said lands within the period mentioned. This deed of trust was duly recorded December 9, 1920.

Plaintiff contends that defendant, Bank of Commerce, obtained 116 bales of cotton produced on the Arkansas lands in the year 1920, of the value of at least $14,000, to which plaintiff was entitled by reason of the deed of trust executed by Dean to it on March 20, 1920. Defendant, Bank of Commerce, contends that under its deed of trust, as executed by Dean & House, it had a prior right to this cotton, so that the question is presented of the relative rights of plaintiff and defendant, Bank of Commerce, by virtue of the execution of the two deeds of trust as above mentioned.

[1] The determination of this question rests upon whether or not there existed a partnership firm of Dean & House, composed of L. G. Dean and S. L. House, during the period in question. Whether there was or was not such partnership presents a mixed question of law and fact, but in this case primarily one of fact. Counsel for plaintiff and defendant virtually agree as to the law, so far as the right of one partner to execute a deed of trust as to partnership property being binding upon the partnership is concerned, and that the deeds of trust executed by the parties are Arkansas contracts. Whether they agreed upon the law or not, it is certainly well settled that as a general rule one partner has the right to dispose of partnership property for partnership purposes, or in satisfaction of partnership debts, or to secure advances to be made to the partnership for partnership purposes, even though such disposition be without the knowledge or consent of any other member of the firm. Anthony v. Butler, 13 Pet. 423, 10 L. Ed. 229; Union Nat. Bank v. Kansas City Bank, 136 U. S. 223, 10 Sup. Ct. 1013, 34 L. Ed. 341; Gates v. Bennett, 33 Ark. 475; Bank v. Bedford et al., 83 Ark. 109, 102 S. W. 683; Jacks v. Greenhaw, 105 Ark. 615, 152 S. W. 160; Oneal v. Judsonia St. Bank, 111 Ark. 589, 164 S. W. 295; 30 Cyc. p. 496, § 5b, and authorities cited under note 40 on page 497.

The record discloses beyond question that there existed such a firm as Dean & House. They did a general farming, ginning, and even mercantile business in the state of Arkansas. This firm was composed of L. G. Dean and S. L. House. This fact was generally known. Plaintiff dealt with the firm of Dean & House prior to the execution of the

deed of trust by Dean to it, and subsequent thereto. Defendant, Bank of Commerce, dealt with this firm in good faith and with the understanding that the firm was the owner of the crops grown on the lands in question and of the personal property situated thereon. Defendant kept on its books an account with this firm, received deposits to the firm's credit, and paid numerous checks issued at different times by each member of the firm. It advanced money to the firm, and the firm executed to defendant its notes at different periods during the year 1920 and prior to the execution of the deed of trust of December 8, 1920.

Plaintiff contends that there existed no such partnership in reality as Dean & House, but that all the property, real and personal, was owned by L. G. Dean, and, in order to distinguish the Mississippi business from the Arkansas business, that in Mississippi was conducted in the name of L. G. Dean, and that in Arkansas under the name of Dean & House, merely as a matter of convenience; that plaintiff was so informed by both Dean and House, and that in dealing with Dean & House in the firm name it was not in recognition of any partnership existing, but merely to assist L. G. Dean in distinguishing his two businesses as above stated. Let this be as contended by plaintiff, yet defendant, so far as is disclosed by this record, dealt with the firm of Dean & House as a partnership, in good faith and in ignorance of any such understanding or agreement between plaintiff and L. G. Dean or S. L. House, and in fact in ignorance of the deed of trust executed by Dean to plaintiff, except in so far as defendant had constructive notice of this deed of trust by virtue of the records.

[2] L. G. Dean and S. L. House held themselves out to the world as partners under the firm name of Dean & House. Their business in Arkansas in general was so transacted. Their letter heads and stationery advertised this fact to the world, and plaintiff by dealing with them as a firm, so far as the public was concerned, lent its aid to the advertisement of the existence of such a firm. It is elemental that, where parties hold themselves out as partners, so far as their dealings with third parties are concerned, they are partners, regardless of their prior agreements among themselves, or with certain other third parties not generally known. Berthold v. Goldsmith, 24 How. 536, 542, 16 L. Ed. 762; Meehan v. Valentine, 145 U. S. 611, 12 Sup. Ct. 972, 36 L. Ed. 835; Sun Ins. Co. v. Kountz Line, 122 U. S. 583, 593, 7 Sup. Ct. 1278, 30 L. Ed. 1137; Story, Part. § 64; 20 R. C. L. § 312, p. 1067, and authorities cited.

[3] The mortgage executed to plaintiff was by Dean as an individual to secure an individual indebtedness. This could not be good as to partnership property, except as to the individual interest of Dean after the satisfaction of the partnership debts, and therefore it would be invalid as against a mortgage executed by the partnership on partnership property to secure partnership debts. Murrill v. Neill, 8 How. 414, 12 L. Ed. 1135; Rogers v. Batchelor, 12 Pet. 221, 9 L. Ed. 1063; Peters v. Baine, 133 U. S. 670, 690, 10 Sup. Ct. 354, 33 L. Ed. 696; Allen v. St. Louis Bank, 120 U. S. 20, 39, 7 Sup. Ct. 460, 30 L. Ed. 573.

[4] It is further contended by plaintiff that a considerable portion of the funds advanced by it under the agreement, at the time the deed of trust of March 20, 1920, was executed, was applied in fact for the benefit of the partnership of Dean & House, if such partnership existed, or, in other words, for the purpose of defraying the expense of producing and harvesting the crop grown on the Arkansas lands in the year 1920. In the first place, this contention is not supported by the record. In the second place, if this contention were true, it could not affect the rights of defendant, for it has been held that, where an individual executes a deed of trust to secure an individual liability, and yet uses a portion of the funds obtained for partnership purposes, this individual liability cannot be enforced against a partnership liability, where to do so would result in prejudicing the rights of the third party who had dealt with the partnership as such. Johnson v. Rankin (Tenn. Ch. App.) 59 S. W. 643. This principle was approved by the Supreme Court of Tennessee in Bank of Bellbuckle v. Mason, 139 Tenn. 667, 202 S. W. 931.

Although defendant be considered as having constructive notice of the existence of plaintiff's deed of trust by virtue of the recordation of the same, yet defendant had a right to regard this as an individual transaction, as it was, and to deal with the firm of Dean & House as partners, and rely upon and obtain the benefits of the law protecting the rights of one who deals in good faith with a partnership.

The insistence of plaintiff as to the law of this case as above shown is correct in principle, but the law is not applicable to the facts of this case, for the reason that the deed of trust executed by Dean was not of partnership property, to secure partnership debts or liabilities, but by him as an individual to secure individual obligations. At the time plaintiff was allowed to amend its bill, so as to interpose a plea of estoppel, it was thought from the argument at that time that plaintiff would be able to apply this plea to defendant, but the facts do not warrant such application.

It follows that, in so far as plaintiff seeks to recover for the cotton in question delivered to defendant, its bill must be dismissed, and, this being the only question now remaining in the case, the bill must be dismissed outright, and plaintiff taxed with the costs.