CLIFFORD *v.* FEDERAL BANK & TRUST COMPANY.

Opinion delivered July 1, 1929.

*Cockrill & Armistead,* for appellee.

McHaney, J. On November 29, 1927, appellant, James A. Clifford, borrowed $7,500 from appellee, for which he executed his promissory note payable March 29, 1928, four months after date. There was attached to this note as collateral certain shares of stock in the Little Rock Hardware & China Company, of which said Clifford was president. Said note contained, among others, this clause: "The undersigned also hereby agrees to give said bank or its assigns such additional collateral as the bank may at any time demand." Early in March the appellee demanded additional security for said note, as, from an examination of the hardware company's financial statement, it became convinced that the shares of stock held as collateral were worthless, and in compliance with this demand of appellee, appellants, who are husband and wife, went to the bank, executed and delivered to it a first mortgage on certain lots and a second mortgage on their homestead, same having previously been mortgaged to the Central Bank, as additional security for said note. A short time thereafter appellant, as president of the hardware company, executed a deed of assignment to A. V. Walker as assignee of all its assets, and filed a complaint in the Pulaski Chancery Court, accompanying the deed of assignment, alleging that it owed debts in a large amount which it was unable to pay, and owned a large stock of merchandise which it was unable to turn into cash, and that it was deemed best for all creditors and itself to transfer its assets to an assignee for the benefit of creditors, and prayed the court to take jurisdiction of the matter and enter such orders as might be proper in the premises. Thereafter, on August 17, appellants brought this suit in the chancery court, praying a cancellation of the above-mentioned deed of trust dated March 24, on the ground that there was no consideration

for the mortgage, and that the wife did not acknowledge the instrument.

Appellee filed an answer, denying the material allegations of the complaint, and a cross-complaint against appellants, praying a judgment against appellant, James A. Clifford, for $7,500 with interest, and for a foreclosure of the above-mentioned deed of trust.

The court entered a decree dismissing the complaint of the plaintiffs for want of equity, and giving judgment against James A. Clifford for the amount of the note, and decreed a foreclosure of the property covered by the deed of trust, in accordance with the prayer of the cross-complaint.

It is first urged for a reversal of the case that there is no consideration to support the giving of the deed of trust. We think the promise in the note to give the bank "such additional collateral as the bank may at any time demand" is a sufficient consideration to support the deed of trust. It was one of the considerations, in lending the money in the first instance, that Clifford promised to give the bank additional security at any time it deemed the security held insufficient. Therefore his promise, made at the time he borrowed the money, to give additional security when demanded, is sufficient consideration to support the security given in this instance.

It is next insisted that Mrs. Clifford did not acknowledge the instrument, or, in the language of counsel for appellant, "that is to say, the notary public who signed the acknowledgment never asked Margaret R. Clifford any questions. She signed the instrument at the instance of her husband and in his presence, without reading it, and at the place he told her to sign." It is said that there was no kind of ceremony which would constitute an acknowledgment, and that there was no privy examination of the wife. The deed of trust was introduced in evidence by appellee, and contains a certificate in compliance with the statute, and in the usual and customary form, signed by a notary public, certifying that the acknowledgment was duly made by both appellants. Both

appellants admit that they went to the bank and signed the deed of trust in the presence of the notary. Mrs. Clifford testified that her husband called her up and told her to come down and sign some papers; that she went to the store, and together they went to the bank; that he went back in the bank, and in a short time a lady came in and brought the paper she signed; that her husband signed it and she signed it, and that the notary did not ask her anything at all. Appellants put the notary public on the stand, and she testified that she was in the employ of the bank as a clerk, but she was asked no questions as to what was said or done at the time the acknowledgment was taken.

In *Meyer* v. *Gossett,* 38 Ark. 377, this court held that, where there is no appearance before an officer for the purpose of acknowledging the execution of the instrument, and there is in fact no acknowledgment, the officer's certificate of acknowledgment is false and void; but where there is an appearance before the officer and an acknowledgment of it in some manner, it was held that the certificate of the officer is conclusive of every fact appearing in the certificate, and that evidence as to what transpired at the time the acknowledgment was taken and certified was inadmissible to impeach the certificate, except for fraud or imposition in obtaining the acknowledgment, where the notice of fraud or imposition is brought home to the grantee. There has been no departure from the rule as announced in this case, but it has been consistently followed since. *Donahue* v. *Mills,* 41 Ark. 421; *Petty* v. *Grisard,* 45 Ark. 117; *Nichols* v. *Howson,* 94 Ark. 241, 126 S. W. 830; *Bell* v. *Castleberry,* 96 Ark. 564, 132 S. W. 649; *Davis* v. *Hale,* 114 Ark. 426, 170 S. W. 99, Ann. Cas. 1916B, 701; *Polk* v. *Brown,* 117 Ark. 321, 174 S. W. 562; *Nevada County Bank* v. *Gee,* 130 Ark. 312, 197 S. W. 680; *Lawrence* v. *Mahoney,* 145 Ark. 310, 225 S. W. 340; *Eads* v. *Morrilton Lumber Co.,* 172 Ark. 55, 288 S. W. 1; and *Miles* v. *Jerry,* 158 Ark. 314, 250 S. W. 34.

In the last mentioned case the rule is again announced, quoting the first syllabus: "Where a grantor

appears and makes an acknowledgment before an officer authorized to take acknowledgments, the recitals of the officer's certificate, regular on its face, are, in the absence of fraud or duress, conclusive of the facts therein stated."

We think the above cases are conclusive of every question raised regarding the sufficiency of the acknowledgment. Mrs. Clifford appeared before the officer for the purpose of signing and did sign the deed of trust; and, although she and her husband deny that she acknowledged the instrument, yet we cannot say that their testimony is undisputed, as they are parties to the suit. The officer's certificate is regular on its face, and there is no contention that any fraud or duress was practiced upon her. The certificate of the officer is therefore conclusive of the facts recited therein under all the cases above cited.

We find no error, and the judgment is affirmed.