ABERNATHY *v.* HARRIS.

Opinion delivered January 26, 1931.

*P. G. Matlock* and *T. D. Wynne,* for appellant.

*Brouse & Brouse,* for appellee.

McHANEY J. On December 28, 1927, there were delivered to C. C. Varnell two notes of $1,750 each, one due August 15, 1928, and the other January 1, 1929, and a real estate mortgage to secure same on lots 3, 4 and 5 in the northwest quarter of section 3, and lot 4 in the northeast quarter of section 4, township 6 south, range 15 west, purporting to have been signed and properly acknowledged by appellees, T. M. Harris and Lou Harris, his wife. This mortgage was filed for record January 14, 1928, and was recorded. Two days later, January 16, Varnell sold and assigned said notes, with the lien of said mortgage, to appellant for a valuable consideration. Thereafter, on June 23, 1928, appellees, T. M. and Lou Harris, executed a mortgage on the same and other lands

to appellee, the Grant County Bank, to secure an indebtedness due to it. A portion of the land covered by both mortgages constituted the homestead of the mortgagors. The notes held by appellant not having been paid when due, he instituted foreclosure proceedings to enforce payment, making the Grant County Bank a party. Mrs. Harris and the bank defended on the ground that she did not sign the mortgage, nor acknowledge same, and that, being on her homestead, it was void. The bank filed a cross-complaint against Harris, his wife, and appellant, claiming its mortgage was the first lien and asking a foreclosure. The court found that Mrs. Harris signed appellant's mortgage, but that she did not acknowledge same, and that it was invalid in so far as it affected the homestead of the grantors. The bank's mortgage was foreclosed and declared prior to appellant's mortgage on that part of the land covered by both mortgages constituting the homestead.

We think the court erred in so holding. The decided preponderance of the evidence supports the court's finding that Mrs. Harris signed the notes and mortgage held by appellant, and we think that the preponderance of the evidence shows that she properly acknowledged same over the telephone. While she denied that she signed appellant's mortgage, she is contradicted by her husband, by her own admissions and by a comparison of her admitted signature with that on said mortgage. The notary before whom the acknowledgment was taken testified that he had known Mrs. Harris well for 25 or 30 years, was familiar with her voice, and that on the morning of December 28, 1927, she called him on the telephone and told him her husband had "some papers for you to fix up, and you go ahead and fix them." Some time thereafter Mr. Harris called and wanted the deed acknowledged, which was done. He was very positive that it was Mrs. Harris to whom he had talked over the 'phone, that he knew her voice; that she called him "Bythum," saying, "Is that you, Bythum?" and that Mrs. Harris and a half

aunt of his were the only persons who called him by that name. Mrs. Harris denied this, but we think the notary's testimony is entitled to the more weight, in view of her interest and her denial of her signature to the deed. Acknowledgment taken over the telephone, under the circumstances in this case, is good. In *Wooten* v. *Farmers' & Merchants' Bank,* 158 Ark. 179, 249 S. W. 569, such an acknowledgment was held to be good. The mortgage on its face purports to convey the homestead right and to relinquish that of dower. The notary's certificate of acknowledgment is regular on its face and conforms to the statute. In the above cited case, we quoted from *Donahue* v. *Mills,* 41 Ark. 421, the following: "It is now the settled doctrine of this court, as laid down in the opinion by Chief Justice ENGLISH, in *Meyer* v. *Gossett,* and we still think the only safe doctrine, that, whilst a wife may, against all the world, show that she never made any acknowledgment at all, and that the certificate is either a forgery or an entire fabrication of the officer, yet, if she has actually made some kind of acknowledgment before an officer qualified to take it, his certificate will be conclusive as to the terms of the acknowledgment, and the concomitant circumstances, in favor of all persons who, themselves innocent of fraud or of collusion to deceive or influence her, have taken the instrument on the face of the certificate. 38 Ark. 377." See also *Clifford* v. *Federal Bank & Trust Co.,* 179 Ark. 948, 19 S. W. (2d) 1026, where we held that, where there is an appearance before the officer and an acknowledgment of the instrument in some manner, the certificate of the officer is conclusive of every fact appearing in the certificate, and that evidence as to what transpired at the time the acknowledgment was taken and certified was inadmissible to impeach the certificate except for fraud or imposition in obtaining the acknowledgment where notice of the fraud or imposition is brought home to the grantee.

We are therefore of the opinion that appellant's mortgage was valid, and that the lien thereof is prior and

paramount to that of appellee, Grant County Bank, on the land described in appellant's mortgage. The decree will be accordingly reversed, and the cause remanded with directions to enter a decree of foreclosure in accordance with this opinion.