JOLLEY *v.* MEEK.

Opinion delivered March 14, 1932.

394

H. L. *Veazey,* for appellant.

*Aubert Martin,* for appellee.

BUTLER, J., (after stating the facts). The appellee insists that, because of the failure of the appellant to abstract certain instruments, exhibits to the pleadings and testimony, there has been a failure to comply with rule 9 of this court. We are of the opinion that this contention cannot be sustained because the pleadings and testimony abstracted are sufficient to give us an understanding of the issues involved.

We pretermit the second question raised by the appellee, *i. e.,* that the record is insufficient in that the oral testimony taken was not properly preserved by a bill of exceptions, for the reason that treating the testimony as properly preserved and brought forward in the record, it is insufficient to overturn the finding and decree of the chancellor.

The appellant, having denied that she signed the notes and deeds of trust or that she acknowledged the same, the burden of proof was upon her to show by preponderance of the evidence that her signature was a forgery, and that she had not in fact acknowledged the instruments. *Thompson* v. *Kinard,* 168 Ark. 1057, 272 S. W. 668; *Hildebrand* v. *Graves,* 169 Ark. 210, 275 S. W. 524. The chancellor found that the appellant had not sustained this burden of proof, and under the well-settled rule his decision must be upheld unless it is against the preponderance of the testimony.

The appellant testified that she did not sign the notes and deeds of trust, and that she did not acknowledge the same, but her testimony cannot be regarded as undisputed if, from all the facts in proof and from an examination of her testimony itself, any reasonable inference can be drawn contrary to her statement. *Harris* v. *Bush,* 129 Ark. 369, 196 S. W. 471; *Interstate Business Mens' Acc. Assn.* v. *Sanderson,* 144 Ark. 271, 222 S. W. 51. There is some corroboration of appellant's testimony to

be found in the testimony of her brother and sister, who stated that they were familiar with appellant's handwriting, and that in their opinion the signatures to the instruments involved were not written by the appellant. There is evidence, however, in direct conflict with this. The appellant, in open court, wrote her signature three times. We are unable to say whether or not there was an attempt upon her part to disguise her handwriting, but the chancellor had it before him at the time and doubtless compared it with the signatures on the instruments and considered it in the light of the attendant circumstances.

J. O. Jolley, the husband of the appellant and the signer with her of the instruments, testified that his wife, to whom the property mortgaged had been conveyed about five years previously by her father, knew of the purpose for which the mortgages were executed and stated that she had acknowledged the same before a notary and had signed the instruments.

The notary whose name appeared as the officer taking the acknowledgments was not able to testify in specific terms regarding the time and place and the incidents surrounding the taking of the acknowledgments, but this is not surprising as he was testifying about five years after the date of the acknowledgments. He did testify, however, that he took the acknowledgments, and that he had never taken the acknowledgment of a woman unless she was present. The officer had no interest in the result of the suit, and the chancellor doubtless attached more weight to his testimony than to that of the appellant, in view of the latter's interest and her denial, not only to the signatures on the instruments, but to her acknowledgment of the same. If the appellant did not in fact sign the deeds of trust, this would be of no importance if she acknowledged their execution before a notary. There is no evidence, nor is there any contention made, that the appellee colluded in any way with J. O. Jolley, who admitted signing the instruments and getting the money, to deceive the appellant. On the contrary, it is apparent that he

was entirely innocent of any fraud. Therefore as to him, the appellant's acknowledgment of the instruments would be effective to bind her, although the signatures might not have been her own and were unauthorized. *Ward* v. *Stark,* 91 Ark. 268, 121 S. W. 382; *Goodman* v. *Pareira,* 70 Ark. 49, 66 S. W. 147; *O'Neal* v. *Judsonia State Bank,* 111 Ark. 589, 164 S. W. 295; *Clifford* v. *Federal Bank & Trust Co.,* 179 Ark. 948, 19 S. W. (2d) 1026; *Abernathy* v. *Harris,* 183 Ark. 22, 34 S. W. (2d) 765.

We are unable to say that the finding of the chancellor was against the preponderance of the testimony, and the decree is therefore affirmed.