PHILLIPS *v.* PHILLIPS.

4-6558                                      158 S. W. 2d 20

Opinion delivered January 12, 1942.

482

*Culbert L. Pearce,* for appellant.

*Harry Neelly* and *Roth & Taylor,* for appellee.

HOLT, J. December 8, 1939, appellant, Alpha Phillips, widow of T. J. Phillips, deceased, brought suit in the White chancery court against J. D. Phillips and Effie Phillips, his wife, and the Security Bank of Searcy, Arkansas, in which she sought to have her dower rights in certain lands, belonging to her deceased husband, awarded to her and also for an accounting for her share of the rents and income derived from said lands subsequent to her husband's death. Upon a trial, the court denied

appellant the relief sought and dismissed her complaint for want of equity. This appeal followed.

The record reflects that appellant, Alpha Phillips, and T. J. Phillips were married June 1, 1918. T. J. Phillips died intestate January 12, 1928. No children were born to this marriage. Alpha Phillips and certain collateral heirs are the only survivors.

October 10, 1927, prior to T. J. Phillips' death, the Union Bank & Trust Company of Searcy, Arkansas, (which became insolvent in 1930), obtained a judgment against T. J. Phillips in the amount of $2,498.77. March 23, 1928, subsequent to T. J. Phillips' death, the Union Bank & Trust Company filed its claim in the White probate court against the estate for a balance of $2,147 due on the judgment, *supra,* and the claim was approved and allowed by the court. In an effort to secure money with which to liquidate this claim, appellant, along with the administrator and certain collateral heirs of T. J. Phillips, on February 7, 1929, executed a deed of trust covering a great part of the estate's lands to secure a loan of $2,400. As indicated, Alpha Phillips, appellant, signed this deed of trust. This loan was never consummated upon certain of the heirs refusing to sign the deed of trust.

February 28, 1929, the administrator of T. J. Phillips' estate secured an order from the White probate court empowering him to borrow $2,500 from the then People's Bank at Searcy, Arkansas, to pay the judgment of the Union Bank & Trust Company, *supra,* and pursuant to the probate court's order, the administrator, to secure said loan, on February 28, 1929, executed a deed of trust on the estate's lands. This deed of trust was signed by A. B. Phillips as administrator. While Alpha Phillips did not sign this deed of trust, her acknowledgment taken by R. L. Smith, the then county clerk of White county, appears thereon. This deed of trust contains, among other things, the following recitals: "Alpha Phillips, surviving wife of the said T. J. Phillips, deceased, for and in consideration of the sum of money aforementioned, and the other considerations and purposes herein-

before set forth, do hereby join in the execution, acknowledgment and delivery of this deed of trust, and do hereby release and relinquish unto the said J. Hicks Deener as trustee, and unto his successors and assigns, all of my right of dower and homestead in and to the property hereinbefore described.''

August 6, 1932, the People's Bank having become insolvent, The Security Bank, one of the appellees, became liquidating agent for the People's Bank and an effort was made to renew the note of $2,500 given to the People's Bank on February 28, 1929, by the execution of a new note and deed of trust. Appellant, along with the administrator and some of the collateral heirs, signed and acknowledged this deed of trust and relinquished her dower rights to the lands covered by the instrument. This note and deed of trust, however, never became effective for the reason that some of the collateral heirs refused to sign.

January 11, 1935, the Security Bank filed suit on the $2,500 note which was executed February 28, 1929, and foreclosure was prayed on the deed of trust executed by appellant, the administrator and others, as has been indicated. Appellant, Alpha Phillips, was made a party to this foreclosure suit, waived summons and entered her appearance. June 8, 1936, the White chancery court rendered a decree in this foreclosure suit and under the terms of this decree ''all of the dower . . . rights of the defendant, Alpha Phillips, in and to the said property, and every part thereof'' were ''adjudged and decreed from that date to be foreclosed and forever barred.''

Following this decree on October 19, 1937, because of an erroneous description of certain of the lands involved, the case was reopened, an amended complaint filed setting out the correct land descriptions and new service was had on the defendants, including Alpha Phillips. November 15, 1937, Alpha Phillips again waived service of summons and entered her appearance. February 14, 1938, the cause came on for trial. Appellant did not appear but made default as she had done at the previous trial June 8, 1936, in the original action.

The decree following the trial of February 14, 1938, in no way affected or changed the decree of June 8, 1936, except that it reformed certain land descriptions.

Following these decrees, the lands were duly sold at a commissioner's sale, and the Security Bank became the purchaser. March 7, 1938, the bank sold the lands to appellee, J. D. Phillips.

It is the contention of appellant that she has never released or relinquished her dower rights in the lands sold at the foreclosure sale, and is entitled to have her dower interest set aside to her and her share of the rents and profits since her husband's death. Appellant questions the power of the White probate court to make the order directing the administrator to borrow the $2,500 with which to pay the judgment outstanding against the estate of T. J. Phillips at the time of his death.

Act 195 of 1927 provides, among other things: ''Section 1. That administrators, executors and guardians be and they are hereby authorized and empowered to borrow money, in the manner hereinafter stated, for the purpose of paying obligations secured by lien on any property belonging to said estates, wherever situated.''

Section 2 of this act provides that when an administrator presents a petition to the probate court for authority to mortgage real property for ''the purpose of raising money to pay obligations secured by liens against any real property belonging to the estate,'' the court shall examine same and hear evidence, and if satisfied it will be for the best interest of the estate, it shall authorize the administrator to borrow money and to execute notes for same, secured by a mortgage or deed of trust.

It is our view that the White probate court had the power under the provisions of this act to direct the administrator to borrow the necessary money to liquidate the judgment debt, which was a lien against the real property of the estate, it appearing to be to the best interest of the estate, and that the judgment lien was an obligation secured by a lien within the meaning and contemplation of act 195 of 1927.

. This court in construing § 1 of act 195 of 1927, in *Rose* v. *W. B. Worthen Company,* 186 Ark. 205, 53 S. W. 2d 15, 85 A. L. R. 212, said: "Numerous authorities are referred to defining 'obligation.' Originally, the term was limited to instruments under seal of a certain kind, such as a bond, and the obligation could at that time be created only by a written instrument. The word 'obligation' now, however, is not so limited, but in the act of 1927 it is used in the sense of liability either created by contract or by operation of law. 46 C. J. 447, 448; *Elasser* v. *Haines,* 52 N. J. L. 10, 18 Atl. 1095."

This power of the White probate court under act 195 of 1927 to direct the administrator to borrow money to liquidate a judgment debt, such as we have here, only extends to and affects the interest of T. J. Phillips' collateral heirs. The act does not authorize or empower the probate court to direct the administrator to create a lien upon the widow's dower without her consent. In the instant case, however, we think the preponderance of the testimony supports the chancellor's finding that appellant had waived her dower rights and is now estopped to assert or claim them, by executing the deed of trust securing the $2,500 loan to the bank, and which loan was used to liquidate the judgment that existed against the estate at the death of her husband. The chancellor found that she executed the acknowledgment to the deed of trust in question before R. L. Smith, the then county clerk of White county, and we cannot say that such finding was against the preponderance of the testimony. The fact that she did not sign the deed of trust does not affect the binding force of the instrument on her, no fraud being shown in procuring her acknowledgment.

In *Jolley* v. *Meek,* 185 Ark. 393, 47 S. W. 2d 43, this court said: "If the appellant did not in fact sign the deeds of trust, this would be of no importance if she acknowledged their execution before a notary. There is no evidence, nor is there any contention made, that the appellee colluded in any way with J. O. Jolley, who admitted signing the instruments and getting the money, to deceive the appellant. On the contrary, it is apparent that he was entirely innocent of any fraud. Therefore

as to him, the appellant's acknowledgment of the instruments would be effective to bind her, although the signatures might not have been her own and were unauthorized. *Ward* v. *Stark,* 91 Ark. 268, 121 S. W. 382; *Goodman* v. *Pareira,* 70 Ark. 49, 66 S. W. 147; *O'Nealy* v. *Judsonia State Bank,* 111 Ark. 589, 164 S. W. 295; *Clifford* v. *Federal Bank & Trust Co.,* 179 Ark. 948, 19 S. W. 2d 1026; *Abernathy* v. *Harris,* 183 Ark. 22, 34 S. W. 2d 765.''

Appellant's actions in executing the deed of trust of February 7, 1929, and the one in 1932, tend to show that she knew the purpose for which she executed the deed of trust on February 28, 1929, the one in question here.

Appellant next argues that the complaint in the foreclosure proceedings contains no allegations which put appellant's dower rights in issue, and that under the authority of such cases as *McWhirter* v. *Roberts,* 40 Ark. 283, and *Fourche River Lumber Company* v. *Walker,* 96 Ark. 540, 132 S. W. 451, her dower rights were not litigated and barred by the foreclosure decree. We cannot agree to this contention.

Upon examination of the two cases relied upon by appellant, we find that the mortgages foreclosed in those cases were not signed, acknowledged or executed by the widow. In the instant case, appellant did execute the deed of trust by her acknowledgment to it. The deed of trust here was made an exhibit to and a part of the complaint in the foreclosure suit and the foreclosure decree recites that all dower rights of appellant, Alpha Phillips, in and to the property covered by the deed of trust were ''adjudged and decreed from that date to be foreclosed and forever barred.'' Appellant entered her appearance in the foreclosure suit and suffered judgment to go against her by default.

On the whole case, finding no error, the decree is affirmed.