PHILLIPS *v.* PHILLIPS.

4-5743 135 S. W. 2d 829

Opinion delivered January 15, 1940.

Paul X. Williams, for appellant.
*Evans & Evans,* for appellee.

HUMPHREYS, J. This suit was brought by appellee, G. W. Phillips, against appellants, Henry Phillips and

---

Beulah Phillips, his wife, in the chancery court of the southern district of Logan county, Arkansas, to cancel a warranty deed appearing of record in Book 36, page 316 in the ex-officio recorder's office in said district and county conveying 323 acres constituting his home located in said county, on the ground that it was never signed, acknowledged and delivered; by way of explanation and a further ground for cancellation of said purported deed alleged that he, appellee, is now and has been for more than forty years a citizen and resident of Barber township in said county; that he is seventy-eight years of age and the father of seven children, one of whom is appellant, Henry Phillips and that Beulah Phillips is the wife of Henry Phillips; that appellee owned a farm of 323 acres in said township and county where he has resided for many years; that after a protracted illness appellee's wife died in June, 1938; that all of appellee's children had left home before the death of his wife, except one of appellee's daughters who lived with and cared for appellee; that Henry and Beulah Phillips lived on appellee's farm not far distant from the house he occupied; that shortly after the death of appellee's wife, appellants, Henry and Beulah Phillips, commenced and systematically pursued a course of conduct designed to and which did cause appellee great mental agony and which put appellee in fear of his life; that said appellants told appellee that his daughter with whom he was living was going to marry and leave him; that she was trying to and would kill appellee, and made many other false statements; that because of appellee's age, his distress over the long illness and loss of his wife, and the effect of such false statements systematically made to appellee by said appellants, appellee was caused to lose his normal mental balance and to become the prey and victim of said appellants; that in this situation said appellants induced appellee to sign a paper purporting to be a deed to appellee's farm aforesaid, on the promise that said appellants would get appellee's daughter out of appellee's home; that said appellants would pay appellee $3,000 in cash within forty days and

would provide appellee with a comfortable home for the balance of his life; that said alleged deed was not executed, acknowledged or delivered; that sometime after signing said paper appellant, Henry Phillips, in the presence of appellee, pitched a paper in the open fire, which he assured appellee was the alleged deed aforesaid; that recently plaintiff learned that a deed appeared upon the public records of this district of Logan county purporting to have been executed and acknowledged by appellee conveying to said appellants the plaintiff's farm of 323 acres; that said alleged deed appears in Book 36, page 316 of the records for the southern district of Logan county, Arkansas, a copy of which is hereto attached, made a part hereof as fully as if copied at length at this point, and marked Exhibit A; that said alleged deed was never executed, acknowledged or delivered by appellee and that he has never been paid one penny by said appellants or either of them for or on account thereof or otherwise; that said appellants moved into appellee's home and that shortly thereafter drove appellee therefrom, having theretofore driven the sister of appellant, Henry Phillips, and the daughter of appellee, therefrom; that appellants now hold appellee's home and farm and though appellee has worked hard all of his life and by frugal living has acquired a sufficient estate to make him independent in his old age he had been defrauded of his home and farm, his only property, except some cattle hereinafter mentioned, and has been driven from his home and is a wanderer upon the face of the earth; that appellee owns over twenty head of cattle which are located on his farm and that in September, 1938, said appellant, Henry Phillips, in a further effort or in furtherance of his effort to rob appellee executed a mortgage thereon to appellant, Citizens Bank, who is made a party to this suit.

To this complaint, appellant, Citizens Bank, filed an answer admitting that it is the owner of a certain chattel mortgage given it by appellant, Henry Phillips, to secure a note for $500; that both the note and mortgage were dated September 27, 1938, and same was filed

for record in the ex-officio recorder's office in the southern district of Logan county; that said mortgage recites that six head of coming three year old heifers weighing about six hundred pounds each was bought from G. W. Phillips, the plaintiff herein; that said appellant denies each and every material allegation of appellee's complaint, that appellee had full knowledge of the note and mortgage executed by Henry Phillips to the Citizens Bank and that appellee in person informed the lending officials of the bank that he had made all of the property including any cattle described in the mortgage over to his son, Henry Phillips, and that Henry Phillips had the authority to mortgage the same to appellant, Citizens Bank, and prayed that the complaint be dismissed against it with its costs.

Appellants, Henry and Beulah Phillips, filed the following answer: They and each of them deny each and every material allegation of said complaint, and prayed that the complaint against them and each of them be dismissed and that they have judgment against appellee for their costs.

The cause was submitted to the court on the 12th day of June, 1939, upon the pleadings and proof from which the court found the issues of law and facts in favor of appellee and further found that the mortgage executed to the bank was executed to it by and with the consent and knowledge of appellee and that out of the sum thus borrowed paid notes against the appellee in the total sum of $356.07. The court then canceled the deed and divested all the interest of Henry Phillips and Beulah Phillips out of the lands and ousted them from the possession of the property from and after November 1, 1939, requiring them to attorn to appellee for the usual rents thereon for the year 1939 and adjudged that he be required to pay the bank the amount of $356.07, which amounts had been paid for him out of the money Henry Phillips had borrowed on the chattel mortgage and that appellee have the seventeen head of cattle which had been mortgaged by Henry Phillips to said bank.

Both Henry and Beulah Phillips excepted to the finding of the court and prayed an appeal to this court and likewise appellee excepted to the finding of the court requiring him to pay the bank the amount of $356.07, and prayed an appeal to this court.

The first question involved on this appeal is whether the deed sought to be canceled was spurious and a forgery. The evidence reflects that appellant, Henry Phillips, and his brother, Louis, accompanied appellee to the home of Clyde Turner, who was a justice of the peace in the township, to execute a deed from appellee to appellants, Henry Phillips and Beulah Phillips, to said 323 acre tract of land but did not bring the old deed; so the justice of the peace gave them a blank deed and told them that anybody could copy the description off of the old deed and that if appellee signed same he would acknowledge it for them; that later on Henry Phillips brought the deed back and the signature of appellee appeared in the middle of the deed and that, in the absence of appellee, he filled out the acknowledgment; that he did not see appellee sign the conveyance and that he did not acknowledge it in his presence and that he, said justice of the peace, did not know whether it was properly signed and executed and advised Henry Phillips to take it to Mr. Sadler who would inspect it and tell him whether it was properly executed. Pursuant to this advice, Henry Phillips took the deed to Mr. Sadler who drafted a new deed from appellee to Henry and Beulah Phillips and the first deed was torn up and thrown into the waste basket. Henry Phillips testified that he took the deed drafted by Sadler and that appellee signed same in the presence of himself and wife, Beulah Phillips; that he then took it over to the justice of the peace who filled out the acknowledgment on same in the absence of appellee and returned it to Henry Phillips. This deed purports to have been signed by appellee on September 1, 1938, and the acknowledgment was filled out by Clyde Turner, justice of the peace, in the absence of appellee, and was filed for record on the 6th day of September,

1938, at 10 o'clock p. m. and is recorded in Record Book No. 36 at page 316.

This is the deed that is sought to be cancelled and which was canceled by the trial court.

Appellee testified that he never saw this deed and never signed or acknowledged same and that he only learned of it being on record a short time before he brought this suit to cancel and set it aside. The only parties who claim they saw him sign the deed are Henry Phillips and Beulah Phillips, his wife. Several parties who claim to be familiar with appellee's signature testified that in their opinion the signature to the deed was that of appellee. Several others who claim to be familiar with the signature of appellee testified that it was not. In the course of the trial, note No. 7377 and note No. 6295, which appellee admitted he signed, were introduced in evidence and an oil lease which appellee executed in 1927 and which he admitted signing was shown to him. The deed purporting to have been executed by appellee was also introduced in evidence. A photograph was made of the signature to the oil lease and to note No. 7377 and to note No. 6295 and to the deed sought to be canceled, and appears on page 43 of appellants' brief so that this court might examine same and by comparison determine whether the signature to the deed was the true signature of appellee, G. W. Phillips. We insert herein a photograph of the signatures which has been furnished us, as follows:

The signature of G. W. Phillips to the two notes which he admits he signed and especially the signature to No. 6295 are apparently the signatures of an old person with a "shaky" hand. The signature to Note No. 6295 can hardly be read, especially the surname. The signature to the deed sought to be canceled appears to be made by a firm hand and not by a shaky, nervous or trembling hand. The "G" to the signature in the deed is not like any other "G" photographed. The "W" on the deed is not like any other "W" photographed. The "W's" that G. W. Phillips made on both notes are sharp, but the "W" to the deed is round. These notes were signed before the deed was signed and G. W. Phillips was an older man when the deed was signed than when he signed the notes.

We have concluded under the evidence in the case that the signature to the deed was not the signature of appellee and that we must accept as true the denial of appellee that he ever saw the deed, that he ever signed same or ever acknowledged same.

This court said in the case of *Miles* v. *Jerry*, 158 Ark. 314, 250 S. W. 34, that: "No one can claim that an estate in land should be divested by forgery, and the forgery need only be established by a preponderance of the evidence. This rule was recognized in *Watson* v. *Billings*, 38 Ark. 276, 42 Am. Rep. 1, and *Meyer* v. *Gossett*, 38 Ark. 377."

Our conclusion that the deed was a forgery renders it unnecessary to analyze the evidence in this opinion to determine whether appellee had the mental capacity to execute the deed or whether in his condition of mind the deed was procured from him through the undue influence of appellants, Henry and Beulah Phillips, on account of his age, infirmity and distressed condition of mind.

We think the weight of the evidence is to the effect that appellee authorized the execution of the mortgage to the Citizens Bank on his cattle and that he is bound by the mortgage given to the extent of appellee's notes

which were paid out of the proceeds of the mortgage and that the court did not err in requiring him to pay the bank said amounts.

No error appearing, the decree is affirmed.