Dodd v. Parker.

---

## DODD VS. PARKER.

MORTGAGE: *Must be acknowledged and recorded:*

An unregisterd mortgage, or one which has been recorded without being properly acknowledged, is no lien upon the mortgaged property as against a stranger, though he have actual knowledge of its existence.

APPEAL from *Pulaski* Chancery Court.

HON. D. W. CARROLL, Circuit Judge.

*Fay Hempstead,* for appellant,

Since the adoption of the constitution of 1874, a married woman may convey her property for whatever purpose she pleases, merely by signing the body of the deed; no matter if the acknowledgment be defective, or if there be no acknowledgment at all.

The constitution puts a married woman, in dealing with their own property, in the same category as a man, as a *femme sole,* or as a person acting *sui juris.*

The language of Section 7, Article IX, is that the property of any *femme covert* in this State may be devised, bequeathed and *conveyed* by her the same as if she were a *femme sole.*

In *Stirman v. Cravens,* 29 *Ark.,* 584, this Court held that a person may convey property simply by signing the deed, even though not acknowledged at all.

In *Roberts and Wife v. Wilcox & Rose,* 36 *Ark.,* 355, this Court held that a mortgage defectively acknowledged was yet good as a conveyance between the parties.

So there can be no question but that this conveyance was good and valid as between Joyner and Dodd.

When, then, the breach of condition occurred, a new estate was created. In contemplation of law the equitable title passed out of the mortgagors, Joyners, to and into the mortgagee, Dodd, leaving the said mortgagee nothing to do but to pursue his *remedy,* to take possession. So when the sale was made to Parker, being after the breach of condition, and when the debt had become past due, the Joyners had no estate in the eye of the law, which they *could* convey; but only an equitable right of redemption, upon the payment of the mortgage debt.

*Burdick v. McVanner,* 2 *Denio,* 172; 2 *Jones on mortgages, sec.* 1174.

Now, this acknowledgment to the mortgage was defectively framed either intentionally, or unintentionally.

Dodd v. Parker.

If intentionally and purposely done, it presents so shocking a case of fraud as to demand correction at the hand of a Court of equity. The legal status of Mrs. Joyner is therein sought to be used as a means of committing a fraud, which no Court will allow.

If unintentionally and unwittingly done, then the intention of the parties to make a good conveyance of it ought to be carried out. "Equity considers that done which ought to be done."

Even though the conveyance was imperfect, by means of the acknowledgment, the intention of the parties being presumed to be to make an honest conveyance, equity will create a trust in the hands of a subsequent purchaser for the benefit of the grantee. *Wadsworth v. Wendell*, 5 *Jones, Chy.* 224; *Daniel v. Davidson*, 17 *Vesey*, 433; *S. C.* 16, *Vesey*, 249.

The acknowledgment and record were cured by the "*Betterment Act*," March 8, 1883, *Sec.* 6.

Appellate Courts must decide cases according to the law in force when *their* decision is made. No matter how the law may have been when the judgment of the lower Court was rendered. *Yeaton v. U. S.*, 5 *Cranch*, 281; *Watson v. Mercer*, 8 *Pet.*, 88; *Bacon v. Callender* 6 *Mass*, 309; *Cooley Cons. Lim.*, 381. Curing acts cannot be considered as taking away vested rights. *State v. Newark*, 3 *Dutch.*, 197; 16 *Ohio*, 599; 11 *Ohio*, 641; 11 *Iowa*, 389.

*Geo. L. Basham* for appellee.

"The acknowledgment by a married woman of a relinquishment of dower in a deed containing no relinquishment of dower, is not sufficient for a deed in which she is the grantor." 33 *Ark.* 722.

The property in this cause was owned by Mrs. J. *at* the adoption of the Constitution of 1874, and its pro-

Dodd v. Parker.

visions can have no retrospective effect. 2 *Bishop, Married Women, Sec.* 37; 36 *Ark.*, 361, 371, 587.

A mortgage past due confers no greater right in the mortgagee unless he is in actual possession, 25 *Ark.;* 277; 22 *Ib.*, 136; *Jones on Mortgages, Sec.* 771.

A mortgage not properly executed and acknowledged is invalid against third parties, although recorded, even with actual notice. 9 *Ark.*, 112; 18 *Ib.*, 105; 20 *Ib.,* 190; 22 *Ib.*, 136; 35 *Ib.*, 67, 374.

SMITH, J. Mrs. Joyner was the owner of three lots in the city of Little Rock, by virtue of a deed of gift from her father, made in 1872. In 1880 she joined her husband, W. J. Joyner, in executing a mortgage upon the premises, to secure his debt of $2,000 to Mrs. Dodd.

W. J. Joyner acknowledged this mortgage and directed the Justice of the Peace to go to his wife's house for the purpose of taking her acknowledgement. But this, as it appears, was never done. Nevertheless, that officer certified that Mrs. Joyner had appeared before him and released her dower. And the instrument, which contained no relinquishment of dower, was with its certificate, placed upon record.

In 1882 the Joyners, husband and wife, sold and conveyed the property for $4,000 in cash, to Edward W. Parker, who had actual notice of the existence of the mortgage. Mrs. Dodd then advertised the lots for sale, pursuant to a power contained in the mortgage. But Parker succeeded in the Court below in perpetually enjoining the sale, upon the ground that it would confer no title upon a purchaser, while it would cloud his own title.

We do not stop to consider whether a mortgage of a married woman's own land, acknowledged by her to have been executed for the purpose of relinquishing her

*Mortgage must be acknowledged and recorded.*

dower, is effectual to carry any estate whatever, because this mortgage was never acknowledged at all Nor need we discuss the question whether a mortgage signed by a married woman, but never acknowledged, is good between the original parties; for here the rights of a third party have intervened. Our statute of mortgages (Gantt's Digest, Sec. 4288) is peculiar. It provides that every mortgage shall be a lien on the mortgaged property from the time it is filed for record and not before; which filing shall be notice to all persons of the exisence of the mortgage. And it cannot be legally filed for record until is has been properly acknowledged. Hence it has been uniformly held in this State that an unregistered mortgage, or one which has been improperly admitted to registration, constitutes no lien upon the mortgaged property, as against a stranger, notwithstanding. he may have actual knowledge of its existence. *Main v. Alexander*, 9 *Ark.*, 112; *Hannah v. Carrington*, 18 *Id.*, 105; *Jacoway v. Gault*, 20 *Id.*, 190; *Carnall v. Duvall*, 22 *Id.*, 136; *Little v. Dodge*, 32 *Id.*, 453; *Martin v. O'Brannon*, 35 *Id.*, 67; *Conner v. Abbott*, *Ib.*, 365.

There is nothing in the Betterment Act of March 8, 1883, which can help the appellant's case. The sixth section of that Act does, indeed, profess to cure all defects in the acknowledgement of conveyances recorded prior to January 1, 1883, which purports to have been acknowledged before any officer, and which have not heretofore been invalidated by any judicial proceeding. This would hardly cover the case where the grantor had never made any acknowledgement at all, but the officer had falsely certified to that fact. But it is sufficient to say that the Chancellor had rendered his decree in this cause nearly twelve months before the passage of that law.

There is some evidence in the record that Mrs. Dodd has lost her money, or at least the security for it, through the wiles of W. J. Joyner, supplemented by her hus band's credulity, unreasonable indiscretion and over-weening confidence in the honesty of the human race. It was Joyner who prepared the mortgage and the certificate of acknowledgement. Yet Parker had no apparent connection with the scheme. He bought the property upon the advice of counsel that, according to the laws of Arkansas the mortgage was no incumbrance as against a subsequent purchaser. And we cannot disturb a settled rule of property merely to relieve parties against the consequences of mistaken judgment, or of their own imprudence or folly.

Affirmed.