## BANK OF HAMPTON v. WRIGHT.

Circuit Court of Appeals, Eighth Circuit.
October 7, 1929.

No. 8318.

J. W. Warren, of Camden, Ark., for appellant.

Silas W. Rogers, of El Dorado, Ark., and C. E. Wright, of Magnolia, Ark., for appellee.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and SCOTT, District Judge.

COTTERAL, Circuit Judge. The appellant complains of the disallowance in bankruptcy of a secured claim, consisting of a note and a mortgage on a lot in Hampton, Ark., which were presented to the referee for the stated purpose of an offer to accept a conveyance of the lot in discharge of the debt. The mortgage was filed for record on April 25, 1927, in Calhoun county, Arkansas, where the lot was situated, and, while it does not appear, we assume this antedated the bankruptcy petition more than four months.

The trustee refused the offer and applied for a sale of the property free of liens, because of an alleged equity above the mortgage, which by a response the appellant denied. Later the trustee objected to the claim on the grounds that the mortgage was not authorized by the bankrupt corporation, was made only by individuals, and the acknowledgment of the instrument was defective, and hence it was not entitled to be recorded and did not effect notice to creditors. On a hearing of the objections, the referee disallowed the claim as a security, holding the mortgage was not signed or sealed by the bankrupt corporation, and was not made or acknowledged in its name. The District Judge affirmed that order on review, and the bank appeals.

The mortgage recites that it is made by C. I. Abbott, president, and W. R. Reddin, secretary, of the Abbott Company, and bears only the signatures of those officers, with the word "Seal" opposite each name, The acknowledgment indorsed on the instrument is as follows:

"Acknowledgment.

"State of Arkansas, County of Calhoun.

"Be it remembered, that on this day came before me, the undersigned, a circuit clerk within and for the county aforesaid, duly commissioned and acting C. I. Abbott, president, and W. R. Reddin, secretary, of Abbott Company, a corporation to me well known as the grantor, in the foregoing deed, and stated that they had executed the same for the consideration and purposes therein mentioned and set forth.

"Witness my hand and seal as such circuit clerk on this 11th day of February, 1927.

"R. N. Lyon, Circuit Clerk."

Section 1521, C. & M. Dig. Stat. of Arkansas, provides:

"The acknowledgment of deeds and instruments of writing for the conveyance of real estate, or whereby such real estate is to be affected in law or equity, shall be by the grantor appearing in person before such court or officer having the authority by law to take such acknowledgment, and stating that he had executed the same for the consideration and purposes therein mentioned and set forth."

Section 1526 of said Digest, prescribes the form of a corporate acknowledgment in these terms:

"All deeds, conveyances, deeds of trust, mortgages and other instruments in writing affecting or purporting to affect the title of any real estate situated in this state and executed by corporations, the form of acknowledgment shall be as follows:

"State of ———

"County of ———

"On this ——— day of ———, 19—, before me, ———, a notary public (or before any officer within this state or without the state now qualified under existing law to take acknowledgments), duly commissioned, qualified and acting, within and for said county and state, appeared in person the within named ——— and ——— (being the person or persons authorized by said corporation to execute such instrument, stating their respective capacities in that behalf), to me personally well known, who stated that they were the ——— and ——— of the ———, a corporation, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and behalf of said corporation, and further stated and acknowledged that they had so signed, executed and delivered said foregoing instrument for the consid-

eration, uses and purposes therein mentioned and set forth.

"In testimony whereof, I have hereunto set my hand and official seal this ——— day of ———, 19—.

"All deeds or instruments affecting or purporting to affect the title to land executed in the above and foregoing form shall be good and sufficient."

Section 7381 of the Digest reads as follows:

"Every mortgage, whether for real or personal property, shall be a lien on the mortgaged property from the time the same is filed in the recorder's office for record, and not before; which filing shall be notice to all persons of the existence of such mortgage."

The District Judge, after quoting from the case of O'Neill v. Lyric Amusement Co., 119 Ark. 454, 178 S. W. 406, and noticing the title of a trustee in bankruptcy, held as follows:

"The lien of the mortgage in question must be determined by the law of Arkansas. By the decision of the Supreme Court of Arkansas, a mortgage defectively acknowledged is not entitled to record, and even though recorded creates no lien as against creditors of the mortgagor.

"Under the Bankruptcy Law, section 75, title 11, U. S. C. [11 USCA § 75], the trustee is vested with all rights, remedies and powers of a judgment creditor holding an execution duly returned and unsatisfied. The trustee can thereafter contest the validity of the lien based upon a mortgage defectively acknowledged. The referee in this instance sustained such a contest. Therefore the order of the referee must be, and the same is hereby affirmed and the petition of the Bank of Hampton for review is dismissed."

In the briefs counsel refers us to numerous authorities which bear on the sufficiency of acknowledgments of instruments affecting real estate. It is unnecessary to discuss these cases as this court has recently held a literal use of the statutory language is not requisite and announced the guiding rule to be that "it is sufficient if substantial compliance as to essentials is present." Advance-Rumely Thresher Co. v. Wagner (C. C. A.) 29 F. (2d) 984, 987. The acknowledgment in question does not meet this test in omitting the important fact of the authorization of the instrument by the corporation. The controversy before us is whether this defect

invalidated the mortgage as against the trustee.

Section 75, title 11, U. S. Code (section 47a(2) of the Bankruptcy Act, 11 USCA § 75(a) (2), reads:

"* * * Such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

Many cases have been cited by respective counsel to sustain and defeat the mortgage. For the appellant it is insisted it is valid as to creditors whose rights are vested in the trustee. The opposite contention is made for the trustee. In O'Neill v. Lyric Amusement Co., 119 Ark. 454, 178 S. W. 406, cited by the District Judge, and where it was conceded a mortgage, owing to a defective acknowledgment, was not entitled to be recorded, mechanic's lien claims were awarded priority of lien. Cases were cited from Wisconsin and Minnesota to show that the failure to record the mortgage only rendered it void against subsequent purchasers in good faith, but the court ruled that the Arkansas statute was different, and that such a mortgage constituted no lien against strangers, even with notice. In Bank of Weiner v. Jonesboro, 168 Ark. 859, 271 S. W. 952, 953, where the notary public had failed to sign the acknowledgment on a chattel mortgage in favor of the bank, and the instrument was filed, there was a contest with a junior mortgage in a receivership proceeding and the latter instrument was held to prevail. The court said in part:

"In regard to the contention that the mortgage to the bank is an equitable one and should be given priority as such, it may be said that this is a legal mortgage. It was in fact good between the parties thereto, and might have been foreclosed as between the parties without the intervention of a court of equity. But so far as third parties were concerned, this chattel mortgage was not a mortgage at all, because it had not been properly acknowledged and was not, therefore, entitled to be placed of record."

An exhaustive opinion of the late Judge Trieber appears in In re T. H. Bunch Commission Co. (D. C.) 225 F. 243, 246, where the state court decisions are cited and reviewed, bearing on the validity of mortgages under the laws of Arkansas, and it was held:

"A mortgage, although not filed for record, is good between the parties or as against the administrator of the mortgagor, or of a voluntary assignee or a receiver in insolvency, but is void as against subsequent purchasers or creditors who have obtained a lien on the mortgaged premises by a levy under execution or a seizure under attachment. The fact that they have actual notice of the mortgage is immaterial, if it is not filed for record in the proper office prescribed by law, and not then if so defectively executed or acknowledged, as not to entitle it to record."

That decision is a valuable aid to the disposition of this case, although after being affirmed by this court (233 F. 967) it was reversed by the Supreme Court (246 U. S. 658, 38 S. Ct. 425, 62 L. Ed. 925), where the only question was one of an invalid preference by virtue of a mortgage legally executed, but recorded within four months of bankruptcy.

As held in Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275, the trustee takes the status of a creditor holding a lien by legal or equitable process as of the time when the petition in bankruptcy is filed. The trustee in the present case had a position as favorable for attacking the mortgage of appellant as a mechanic's lien claimant or a junior mortgagee in a receivership proceeding, the prevailing parties in the O'Neill and Bank of Weiner Cases, supra. The trustee, of course, had an equal right to resist the mortgage as a secured claim.

We are of the opinion that the final order of the District Court should be and it is accordingly affirmed.