13234

PROSSER v. AVERY LUMBER COMPANY

(160 S. E., 431)

*Mr. Raymon Schwartz,* for appellant,

*Messrs. Epps & Levy,* for respondent,

August 31, 1931.

The opinion of the Court was delivered by Mr. Justice Stabler.

This is an action for damages for personal injuries which plaintiff claims he received while in the employ of the defendant. He alleges that on June 18, 1928, while attending to his duties as such employee, he was painfully injured by being struck in the groin by a board thrown with force and violence from defendant's planing machine; that his injuries were due to the negligent and reckless acts of the defendant in allowing the roller and profile of the planer to be out of adjustment, thus permitting the machine to throw the board against him; and in failing to notify or warn him of the defect in the planer and the danger created thereby. The defenses were a general denial, contributory negligence, assumption of risk, and accident.

At the close of plaintiff's case, the defendant moved for a nonsuit, as to both actual and punitive damages. The Court, in passing upon the matter, announced that he would submit the case to the jury as to actual damages only. When all the evidence was in, the defendant made a motion, on the same grounds as those stated in his motion for a nonsuit, for a directed verdict, which was refused. The jury found for the plaintiff $181.00, and from judgment entered on the verdict, this appeal is taken.

There are three exceptions. The first assigns error to the trial Judge in failing to grant a nonsuit or to direct a verdict on eight several grounds therein set out.

Respondent makes the point that this exception, under the rule of Court, cannot be considered, for the reason that the defendant made no motion for a nonsuit or for a directed verdict on the ground that there was no evidence showing actionable negligence on its part. This contention must be sustained. The grounds stated in the exception were not embodied in the motion for a nonsuit or for a directed verdict, and were not considered or passed upon by the Court below. The question raised by this exception, therefore, is not properly before this Court.

Appellant complains by Exception 2 that the verdict of the jury was contrary to the law and the evidence, and sets

out as his reasons therefor the same grounds stated in the first exception. As we have already pointed out, these objections should have been first passed upon by the trial Court on a motion for a nonsuit or for a directed verdict, which was not done. Exception 3 is subject to the same objection.

There being nothing before us for consideration, the appeal is dismissed.

MR. CHIEF JUSTICE·BLEASE and MESSRS. JUSTICES COTHRAN, CARTER and BONHAM concur.