16326

FRANKLIN SAVINGS & LOAN CO. v. RIDDLE
(57 S. E. (2d) 910)

368

*Mr. C. S. Brown,* of Greenville, *for Appellant,*

*Messrs. Hingson and Todd,* of Greenville, *for Respondent,*

March 9, 1950.

FISHBURNE, Justice.

The questions for determination in this appeal arise out of a claim and delivery proceeding for the possession of an automobile, commenced in the county court of Greenville County on October 12, 1948, and involve the recording statutes. Upon trial, a verdict was rendered for the plaintiff for the possession of the automobile, or for its value, to wit: the sum of $911.30.

On September 9, 1948 one Lonie B. Surett, a resident of Laurens County, purchased a Ford automobile from the Smith Motor Company, which is a partnership composed of A. B. Smith and Ike Smith, operating and conducting an automobile business in the City of Laurens. Surett executed a conditional sales contract or chattel mortgage for the unpaid balance of the purchase price in favor of Smith Motor Company. The chattel mortgage was properly witnessed, and one of the subscribing witnesses made the affidavit of probate before Ike Smith, one of the partners, who was a Notary Public.

The fact that Smith Motor Company was a copartnership did not appear anywhere on the face of the mortgage, nor did it show upon the face of the acknowledgment that Ike Smith was one of the partners.

On the day of the purchase, September 9, 1948, Smith Motor Company assigned the note and mortgage covering

the Ford automobile to Washington Motor Finance Company, which in turn, on September 10, 1948, for value received, assigned the note and mortgage to the Franklin Savings and Loan Company, the plaintiff in this action. The chattel mortgage was recorded in the office of the Register of Mesne Conveyance for Laurens County on September 14, 1948, at 9:01 a. m.

Lonie B. Surett, the original purchaser, sold the Ford Automobile to the defendant, Mason Riddle, a dealer in used automobiles in Greenville, South Carolina, for $850. Respondent alleged in its complaint that the appellant Riddle purchased the automobile after the purchase money mortgage given by Surett had been recorded in Laurens County. Appellant alleged in his answer that he bought the automobile on September 13, 1948, the day before the mortgage was recorded. Upon conflicting evidence offered by the parties on this issue, the jury's verdict was adverse to appellant, and no issue thereabout is raised on this appeal.

No contention is made that appellant had actual notice of the purchase money mortgage given by Surett. Respondent relied solely upon constructive notice of the mortgage by reason of the fact that it had been recorded in Laurens County prior to the day on which appellant purchased the car from Surett.

Appellant assigns error to the trial court because of its refusal to grant a nonsuit or direct a verdict in his favor on various related grounds, all of which in our opinion may be comprised in the following question:

Does the recording of a chattel mortgage, the probate of which was sworn to before a Notary Public disqualified because of an interest in the mortgagee partnership, constitute notice to a subsequent purchaser, where the disqualifying interest does not appear on the face of the instrument?

We reiterate that Ike Smith, who took the acknowledgment, was a party in interest by reason of being a partner

in Smith Motor Company, and because of this disqualifying interest, he was not authorized to take the acknowledgment. But this disqualifying interest did not appear on the face of the instrument nor in the acknowledgment.

All of the authorities agree that if an instrument discloses on its face that it is not entitled to record, the actual record of it is ineffectual to charge the public with constructive notice. There is a difference of opinion in the American Courts as to the effect of a record of an instrument defectively acknowledged, where the defect does not appear on the face of the record. Some Courts hold that a defectively acknowledged instrument is not entitled to record, whether the defect is apparent on the face of the instrument or not, and therefore the actual record of such an instrument does not impart constructive notice. But by the great weight of authority, which in our opinion is supported by the better reason, where an instrument bearing a certificate of acknowledgment or proof which is regular on its face is presented to the recording officer, it becomes his duty to record it, and its record operates as constructive notice to third persons, notwithstanding there may be a hidden defect in the acknowledgment.

The rule is well expressed in 1 Am. Jur., Sec. 59, Page 339: "Inasmuch as statutory authorization is essential to the taking of acknowledgments, it is true, no doubt, that an acknowledgment taken by a person not so authorized is null and void and ineffectual for any purpose. But such is not the effect of disqualification because of interest. Where it does not appear from the face of an instrument or otherwise that the officer taking the acknowledgment is disqualified to act by reason of interest, the instrument, according to the better rule, is entitled to be recorded, and such record becomes effectual as constructive notice to subsequent purchasers, creditors, or encumbrancers, although authority to the contrary is not wholly lacking. Inasmuch as the acknowledgment is regular and fair on its face, no hidden

interest of the officer should be permitted to impeach its validity. This is in accord with the policy of the registry acts, inasmuch as the public records would be rendered unreliable if extraneous proof of undisclosed interest was admissible to avoid acknowledgments. It is safe to say that less injury can flow from this rule than from the contrary doctrine. * * *"

To the same effect see the annotations 19 A. L. R. 1074, 1079, 72 A. L. R. 1039, Ann. Cas. 1913B, 1070.

In *Dillon & Son Co. v. Oliver,* 106 S. C. 410, 91 S. E. 304, 305, the court had before it the question whether the recording of a chattel mortgage constituted constructive notice to subsequent purchasers or lien holders where the subscribing witness who made the affidavit for recording was a member of the mortgagee firm. The court held that the interest of the subscribing witness in the chattel mortgage did not affect the operation of the record as notice, where the interest of the subscribing witness did not appear on the face of the instrument. The court went on to state: "It would lead to indeterminable confusion if a record which appeared upon its face to be free from any defect whatever should be prevented from operating as constructive notice, by reason of the fact that the interest of a subscribing witness might be construed to be direct instead of indirect."

In passing upon the issue presented in the *Dillon case,* the court quoted the following text from 1 R. C. L., Sec. 46, Pages 273, 274, which is directly applicable to the case now before us: " '* * * Where it does not appear from the face of the instrument or otherwise that the officer taking the acknowledgment is disqualified to act by reason of interest, the instrument, according to the better rule, is entitled to be recorded, and such record becomes effectual as constructive notice to subsequent purchasers, creditors, or encumbrancers, although authority to the contrary is not wholly lacking. The acknowledgment being regular and fair on its face, no hidden interest of the officer should be per-

mitted to impeach its validity. This is in accord with the policy of the registry acts, inasmuch as the public records would be rendered unreliable if extraneous proof of undisclosed interest were admissible to avoid acknowledgments. It is safe to say that less injury can flow from this rule than from the contrary doctrine.' * * *" 1 C. J., § 55, page 773; § 110 page 803; 1 C. J. S., Acknowledgments, §§ 18, 53.

In the case at bar, no improper conduct or bad faith or undue advantage is charged against the officiating Notary Public, Ike Smith, or the partnership of Smith Motor Company, or against the respondent in this action. Nor is there any evidence in the record that the respondent had any actual knowledge that Ike Smith was a partner in the firm of Smith Motor Company.

The cases of *Woolfolk v. Graniteville Mfg. Co.,* 22 S. C. 332, and *Watts v. Whetstone,* 79 S. C. 357, 60 S. E. 703, express no contrary principle, and are differentiated in *Dillon & Son Co. v. Oliver, supra.* In *Woolfolk v. Graniteville Mfg. Co., supra,* it was held that a deed executed in South Carolina and probated before a magistrate in Georgia was not properly probated, and that its record did not operate as constructive notice. That case, however, is not decisive of the question under consideration, for the reason that the defect appeared upon the face of the record. The same thing is true with reference to *Watts v. Whetstone, supra.* The defect in that case appeared upon the face of the record also, and therefore that case does not control the present question.

Appellant cites the case of *Tuten v. Almeda Farms,* 184 S. C. 195, 192 S. E. 153. But that case has no application here. The issue in *Tuten v. Almeda Farms, supra,* was a contest between the parties to an instrument and was not a case arising under the registry acts. The rights of innocent purchasers were not involved.

Appellant argues that even though the alleged defect was not apparent on the face of the instrument or the acknowl-

edgment, respondent must be held to have had constructive notice of the disqualifying interest of Ike Smith as a partner of Smith Motor Company, and because the respondent had such constructive notice, then it should be held that no constructive notice by reason of the recorded chattel mortgage was imparted to the appellant, a subsequent purchaser.

This ground of appeal is not responsive to the issues raised by the pleadings, nor does it appear to have been presented to or passed upon by the trial judge; and therefore is not properly before this Court. *Prosser v. Avery Lumber Co.,* 162 S. C. 159, 160 S. E. 431. But even if properly raised it would be unavailing.

In support of his contention, appellant cites Section 7825 of the Code, which requires all partnerships to file with the Clerk of Court of the county in which the particular place of business of such partnership is located, the name of each and every partner having an interest therein. Section 7828 of the Code makes it a misdemeanor punishable by fine or imprisonment for any such partnership violating Section 7825. Appellant presumes that this law was complied with by Smith Motor Company, and hence the respondent and its assignor, Washington Motor Finance Company, had constructive notice that Ike Smith was a member of the partnership and of his disqualifying interest to act as a Notary Public in the probating of the chattel mortgage.

This contention is untenable. The Code sections in question have no application to the isues involved in this case. The record is devoid of evidence showing or tending to show that the respondent or its assignor, Washington Motor Finance Company, had any actual knowledge that Ike Smith was a member of the partnership of Smith Motor Company. Nor in our opinion was any constructive notice imputed to them by reason of the record in the Clerk's Office containing the names of partnerships and who are members thereof.

The mere filing of the unsworn certificate required by Section 7825 has no relation to the registry laws. While it is frequently stated that the record of an instrument operates as constructive notice, a more accurate statement is that the record of any instrument *entitled to be recorded* will give constructive notice to the persons bound to search for it. In order to be effective as notice to third persons, it is obvious that the instrument recorded must be within the contemplation of the recording laws. The matter of constructive notice from the record is entirely a creation of the statute, and no record will operate to give constructive notice unless such effect has been given to it by some statutory provision. 45 Am. Jur., Sec. 105, Page 480.

One who searches the records of deeds and mortgages is under no compulsion or duty to examine the file or book in which the record of partnership memberships is kept. The purpose of requiring that the names of all members of a partnership be filed in the Clerk's Office is to fix the liabilities of the members of such partnership and to protect persons doing business with it by having the members of such partnership identified.

Appellant was a subsequent purchaser of the automobile in question, which, as found by the jury, was covered by a chattel mortgage duly recorded prior to the time of such purchase. The defect which consisted of the disqualifying interest of the Notary who took the acknowledgment was latent and did not appear on the face of the record. Nor, as we have adverted to, did respondent have any actual knowledge of such disqualifying interest. It follows that the appellant purchased the automobile charged with constructive notice of respondent's lien, and is bound thereby.

Judgment affirmed.

STUKES, TAYLOR and OXNER, JJ., and L. D. LIDE, A. A. J., concur.

BAKER, C. J., not participating.