H. Davey WYATT, et al v. Paul G. MILLER

73-80                                    500 S.W. 2d 590

Opinion delivered October 15, 1973
[Rehearing denied November 19, 1973.]

*Hodges, Hodges & Hodges,* for appellants.

*Murphy, Arnold & Blair* by: *H. David Blair,* for appellee.

FRANK HOLT Justice. The appellee instituted this action seeking specific performance of a contract for conveyance of land. Incidental damages were also sought. In response the appellants asserted primarily that they were bona fide purchasers and raised other subsidiary issues. The chancellor found the issues for the appellee and from that decree comes this appeal. We first consider appellants' contention for reversal that the chancellor erred in holding appellants had actual notice of appellee's contract to purchase.

On May 19, 1971, after extended negotiations, appellee contracted to purchase 32 acres of land from appellants Ethyl Jennings and Vaden Wammack for the sum of $27,750. The appellee gave his personal check for $500 as earnest money and on that date the husband of appellant Jennings cashed it. Appellants Wyatt and Lamb, brothers-in-law, had also negotiated with the appellant owners to purchase their property. On May 20, 1971, early the morning following appellee's purchase contract, appellant Wyatt appeared at the Jennings' premises and renewed negotiatons for purchasing the property for $27,500. He was advised a "better offer" was made. During that day a partnership was agreed upon between appellants Wyatt and Lamb. That afternoon Wyatt returned with a notary and secured a warranty deed for the sum of $30,000 for the property from the appellants Jennings and Wammack without being advised of the previous contract with the appellee.

Appellant Lamb testified that his brother-in-law Wyatt, came to the store on May 20 (the day following appellee's purchase contract) and told him "[O]ur offer [$27,500] has been upped on the Jennings property." "If we are going to buy it, we are going to have to . . . be near $30,000. . ." According to appellant Lamb,

they were aware that "a lot of people were dealing on it", and he "knew things were getting pretty hot. . ." He testified that he went to the Jennings' premises on the morning following appellee's purchase contract. Appellants Wyatt and Lamb testified that they did not know about the appellee's contract and that the owners did not apprise them about it. Mrs. Wammack did not testify. Her sister, Mrs. Jennings, testified that they did not acquaint Wyatt and Lamb about signing appellee's purchase contract the previous day. Appellants Wyatt and Lamb acknowledge they learned of the purchase contract before filing their deed.

The night of May 20 (date of appellant purchasers' deed) the appellee took his contract of purchase to the home of the county recorder who accepted and recorded the instrument the next day or May 21. Appellee's contract was improperly acknowledged and, therefore, defective for recordation purposes. Becaue of "town talk" appellants had someone inspect the county records on May 22 and learned of the existence of appellee's purchase contract. Appellants Wyatt and Lamb's deed was not recorded until May 24, 1971.

In consideration for the warranty deed issued to appellant purchasers, Wyatt tendered the following: a check in the amount of $9,500 payable to Ethyl Jennings dated May 20, 1971; a check in the amount of $10,000 by an agent of Lamb's made payable to Wammack and dated May 20, 1971; and a $10,500 negotiable promissory note dated May 20, 1971, by both appellants made payable to Jennings and secured by a mortgage. At the time the checks were tendered, there were insufficient funds in both bank accounts to cover the checks. However, appellants made sufficient deposits in their accounts so that the checks were paid when presented a week later. The promissory note was not negotiated and was sequestered at trial.

Ark. Stat. Ann. § 49-211 (Repl. 1971) requires that an instrument in writing must be properly acknowledged for recordation purposes. It is undisputed that appellee's contract was defective in this respect. Therefore, as the chancellor correctly found, appellee's pur-

chase contract did not constitute constructive notice to the appellant purchasers. *Prince* v. *Alford*, 173 Ark. 633, 293 S.W. 36 (1927). However, in the case at bar, the appellant purchasers had actual knowledge of the recordation of appellee's purchase contract within two days following its execution and two days before they filed their own deed. We have held that knowledge of the recordation of a defective instrument is a factual matter which can be considered in determining whether a subsequent purchaser had actual notice. *Prince* v. *Alford, supra.*

Our cases are uniform in holding that if the second purchaser had actual knowledge of a prior deed or contract at the time of purchase, the junior conveyee cannot establish himself as a bona fide purchaser. *Collins* v. *Heitman*, 225 Ark. 666, 284 S.W. 2d 628 (1955), *Henderson* v. *Ozan Lumber Co.*, 216 Ark. 39, 224 S.W. 2d 30 (1949), *Millman Lumber Co.* v. *Bryant*, 213 Ark. 277, 209 S.W. 2d 878 (1948), and *Valley Planing Mill Co.* v. *Lena Lumber Co.*, 168 Ark. 1133, 272 S.W. 860 (1925).

In *Woods* v. *Wright*, 254 Ark. 297, 493 S.W. 2d 129 (1973), we held that the second purchaser will be deemed to have actual notice if the senior conveyee shows "by a preponderance of the evidence that [the second purchaser] had notice of such facts and circumstances as would put a man of ordinary intelligence and prudence on inquiry which, if diligently pursued, would lead to knowledge of his rights. ****Whatever is notice enough to excite attention, put a party on guard and call for inquiry is notice of everything to which the inquiry might lead, and whenever one has sufficient information to lead him to a fact he shall be deemed conversant with it." Also see *Kendall* v. *J. I. Porter Lumber Co.*, 69 Ark. 442, 64 S. W. 220 (1901). Proof of sufficient notice to place the junior conveyee on inquiry may be established by circumstantial evidence. *Woods* v. *Wright, supra.*

In the case at bar, when we consider the direct and circumstantial evidence, together with the appellants' knowledge of the recordation of appellee's de-

fective purchase contract, we hold that the chancellor correctly found the appellants had actual notice and, therefore, are not bona fide purchasers. Further, the chancellor correctly ordered appellee to reimburse the appellant Lamb for his $10,000 check which was paid to appellants Jennings and Wammack, the owners of the land; appellee pay appellant Wyatt and his wife the sum of $9,500 for reimbursement of their personal check which was paid to appellant landowners; $7,500 or the balance of appellee's $27,750 purchase agreement be paid to appellant Jennings, less the $500 held in the court registery which was ordered returned to appellant Jennings; appellant purchasers' $10,500 promissory note be cancelled; appellants Wyatt and Lamb execute a deed conveying the 32 acres to appellee and appellee have judgment against appellant Wyatt for damages resulting from cutting and removing hay from the 32 acres.

As to the latter item about damages, appellant Wyatt contends that it was error for the chancellor to hold him liable for $217.50 as a result of cutting and removing hay from the 32 acres. Appellant Wyatt is liable for anything of value which he removed from the property. *Garner* v. *Horne*, 219 Ark. 762, 245 S.W. 2d 229 (1952). In the case at bar, we cannot say that the chancellor's finding is against the preponderance of the evidence that appellant Wyatt is liable by acquiescing in the cutting and removing of the hay from the property by his father.

We have considered and find no merit in appellants' other subsidiary contentions. Since we hold that the appellant purchasers had actual notice of appellee's contract to purchase the land, we deem it unnecessary to discuss other related issues appellants assert for reversal.

Affirmed.

Byrd, J., not participating.