In re W.E. TUCKER OIL CO., Debtor.

**FIRST STATE BANK OF CROSSETT, ARKANSAS, Appellant,**

v.

**W.E. TUCKER OIL CO., INC., Claude S. Hawkins, Jr., Trustee, and Portland Bank, Appellees.**

**No. ED 86–1026.**

United States District Court, W.D. Arkansas, El Dorado Division.

July 21, 1986.

Richard Earl Griffin, Griffin, Rainwater & Draper, Crossett, Ark., for appellant.

Claude S. Hawkins, Jr., Hawkins & Metzgar, Ashdown, Ark., for W.E. Tucker Oil Co., Inc.

Claude S. Hawkins, Jr., Trustee.

Thomas S. Streetman, Crossett, Ark., for Portland Bank, intervenor.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

This appeal arises from a judgment entered December 5, 1985 in the United States Bankruptcy Court of the Western District of Arkansas, El Dorado Division, by the Honorable James G. Mixon, U.S. Bankruptcy Judge, which set aside a previous judgment entered September 4, 1985 and filed September 5, 1985, 55 B.R. 78, in the Bankruptcy Court by the Judge, pursuant to a Memorandum Opinion filed the same date.

The new judgment entered by the Court which appeared on its face to be court-initiated, provided as follows:

Based upon the Court's findings of fact and conclusions of law contained in a Memorandum Opinion of this same date, the Court finds that all of the elements of a fraudulent conveyance under 11 U.S.C. § 548 are present. The Court therefore orders that the lien of First State Bank of Crossett, *as to the seven (7) loans set forth on page three and four of said Memorandum Opinion*,[1] be set aside as a fraudulent conveyance. The claim of First State Bank of Crossett, *as to said loans*, is disallowed in full.

1. The only difference in the language of the two judgments entered by the Bankruptcy Court in this action is the phrase pertaining to the seven (7) specific loans which is set out and underscored in the Court's quotation of the December 5, 1985 judgment.

IT IS SO ORDERED. (emphasis added)

James G. Mixon
JAMES G. MIXON
UNITED STATES
BANKRUPTCY JUDGE
DATE: December 5, 1985

The judgment entered on September 4, 1985 and filed September 5, 1985 which the Court attempted to set aside provided as follows:

Based upon the Court's findings of fact and conclusions of law contained in a *Memorandum Opinion*[2], the Court finds that all of the elements of a fraudulent conveyance under 11 U.S.C. § 548 are present. The Court therefore orders that the lien of First State Bank of Crossett be set aside as a fraudulent conveyance. The claim of First State Bank of Crossett is disallowed in full.

IT IS SO ORDERED. (emphasis added)

James G. Mixon
JAMES G. MIXON
UNITED STATES
BANKRUPTCY JUDGE
DATE: September 4, 1985

In its Judgment of September 4, 1985, as stated above, the Bankruptcy Court, pursuant to a memorandum opinion entered at the same time set aside the lien (liens) of the First State Bank of Crossett as a fraudulent conveyance and disallowed the claim of First State Bank of Crossett in full.

W.E. Tucker Oil Company, Inc., debtor, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 1, 1984. Debtor was a closely held Arkansas corporation engaged in a wholesale gasoline distributorship in Hamburg, Arkansas and the ownership of several retail gasoline stations.

2. The Bankruptcy Court issued and entered only one memorandum opinion in the case which was dated September 4, 1985 and filed September 5, 1985.

E.A. "Sonny" Tucker was the owner of thirty percent of the corporation. His mother, Maysel Tucker owned forty percent and his sister, Sue Nolen, owned the remaining thirty percent of the corporation. Sonny Tucker was also president and chief operating officer of the corporation. In 1979 Sonny Tucker, individually, acquired twenty-five percent of the stock in Davis Industries, Inc., an Arkansas corporation engaged in the production of garments. Other stockholders were Bobby G. Davis, James L. Sanderlin, and George E. Locke with twenty-five percent each. There was no relationship between the debtor and Davis Industries Inc. as entities.

Also during 1982 and 1983 Sonny Tucker owned 2500 shares of stock in appellant bank and was a member of the board of directors and the executive committee through November, 1983.

Beginning in January, 1981 and continuing until March 2, 1982, appellant bank made a series of loans to Bobby G. Davis, J.M. Nolan (Vice-President of debtor), James L. Sanderlin, E.A. Tucker, Davis Industries, Inc., and Davis Apparel Manufacturing. On March 2, 1982, E.A. Tucker, on behalf of debtor, executed a series of mortgages to appellant bank to secure these various loans, granting liens to appellant bank in various real properties owned by debtor. The mortgages, although executed on March 2, 1982, were not recorded in the office of the circuit clerk until April 6, 1983, within one year of the filing of the Bankruptcy Petition on behalf of W.E. Tucker Oil Co. Inc., debtor. All the proceeds of the loans went to Davis Industries Inc., and Davis Apparel Manufacturing.

The Trustee of debtor filed this action to set aside transfers of debtor's property, including the above-described mortgages. The Trustee asserted that the transfers were fraudulent conveyances under 11 U.S.C. § 548 and preferential transfers under 11 U.S.C. § 547. Portland Bank of Portland, Arkansas filed an Intervention joining the Trustee's request to set aside the transfers for the same reasons.

No notice of appeal against the September 5, 1985 judgment or motion for modification or reconsideration or otherwise was filed after such judgment was entered. Consequently, the time for filing motions or notice of appeal under the Federal Rules of Civil Procedure and the Bankruptcy Rules had expired. See Rules 59 and 60, Federal Rules of Civil Procedure and Rules 8002, 9023, and 9024, Bankruptcy Rules.

On October 15, 1985, a substantial time after the period for filing an appeal or other motions had expired, counsel for the appellant, First State Bank, contacted the Bankruptcy Judge by telephone relative to the judgment entered in the case on September 5, 1985, and by letter of the same date, October 15, 1985, transmitted a proposed precedent to the Bankruptcy Judge for entering at such late date, proposing that the "new order limits your findings to the loans that were questioned at the time of the filing". A copy of the letter from counsel for the appellant bank was provided to Claude Hawkins, Trustee. Two days later, on October 17, 1985, the Trustee directed a letter to the Bankruptcy Judge objecting to the entry of the proposed new judgment. The letter also stated, inter alia, that "no appeal was filed from the judgment (September 5, 1985) and it has become final. I object to any order being entered in the adversary proceedings which might possibly reopen this case and affect the finality of the Court's decision."

Pursuant to the strenuous objection of the trustee the Honorable James G. Mixon, Bankruptcy Judge, gave counsel for the parties notice of a hearing designated as a "case conference" to be held October 31, 1985, at 10:00 a.m., at the U.S. Courthouse in El Dorado, Arkansas. The purpose of this conference was stated "Re Trustee's Objection to Entry of Proposed Order Submitted by First State Bank of Crossett".

In a Proceeding Memo form signed by the Bankruptcy Judge October 31, 1985, it appears that the Trustee's objection to entry of the proposed judgment of First State Bank of Crossett was heard. It further appears that Claude Hawkins, Trustee for the debtor, Richard Earl Griffin for First State Bank of Crossett and Tom Streetman for Portland Bank appeared for the confer-

ence. There is nothing in the record as to what occurred or any action taken as a result of the conference. One month and fifteen (15) days later, December 5, 1985, the Bankruptcy Judge entered the controverted judgment as hereinabove explained.

In the opinion of this Court the primary question for determination at this stage is the validity of the Bankruptcy Court's judgment of December 5, 1985, which in effect extended the right or time of the appellant, First State Bank of Crossett, to an appeal from the original judgment entered by the Court September 5, 1985.

From the time the original judgment of the Bankruptcy Judge was entered September 5, 1985 to the filing of the court's subsequent order on December 5, 1985, a total of 121 days elapsed. No motion or other request, with reference, to any claim of the appellant was filed or entered in the case except, as hereinabove noted. Appellant made a letter request on October 15, 1985, submitting a proposed order as a precedent which was ultimately adopted and entered by the Bankruptcy Court December 5, 1985, setting aside the court's previous judgment of September 5, 1985 and entering the new judgment as referred to herein.

Even though counsel for the appellant persuaded the Bankruptcy Court to enter a new order, belatedly a notice of appeal by appellant was timely filed from that order on December 13, 1985. On December 17, 1985 the debtor and the trustee filed a notice of cross-appeal from the ordered entered in the above-styled case on December 5, 1985.

On December 20, 1985 the Portland Bank filed a motion with the Bankruptcy Court to dismiss the motions for an appeal and cross-appeal. In the meantime, on December 13, 1985, counsel for appellant filed a motion for a stay pending appeal. Subsequently the debtor and the trustee entered a Designation of Record and Statement of Issues on appeal from the December 5, 1985 judgment of the Bankruptcy Court. The issues to be presented on the appeal, as designated by the First State Bank of Crossett, were adopted on behalf of the debtor as sufficient and designated as cross-appellant's record on appeal. As agreed these issues were:

(a) The Bankruptcy Court was without jurisdiction to enter its Order of December 5, 1985;

(b) The Bankruptcy Court's Order of December 5, 1985, was clearly erroneous and contrary to law as to its setting aside of its previous judgment;

(c) The Bankruptcy Court's Orders of September 5, 1985 and December 5, 1985, were clearly erroneous and contrary to law as to its failure to grant Plaintiffs judgment for payments made to Defendant within one year prior to the date the debtor's petition was filed.

On January 31, 1986, the Bankruptcy Judge, after hearing the motion of Portland Bank to dismiss the appeal and cross-appeal and after reviewing the pleadings, statements and arguments of counsel, entered an order denying the motion to dismiss. The only findings made by the Bankruptcy Court were that it would be unfair, inequitable and unjust to deny the appeal and cross-appeal. The order denying dismissal of the appeal further stated that under the discretionary powers granted to Bankruptcy Courts the order was necessary and serves the ends of justice by permitting the parties to proceed with the appeal and cross-appeal to the district court. The order denying the motion to dismiss the appeal and cross-appeal was entered February 7, 1986.

Rule 8002, Bankruptcy Rules, provides:

(a) *Ten-Day Period.* The Notice of Appeal shall be filed with the Clerk of the Bankruptcy Court within 10 days of the date of the entry of the Judgment, Order or Decree appealed from. If a timely Notice of Appeal is filed by a party, any other party may file a Notice of Appeal within ten days of the date on which the First Notice of Appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires ....

**(b)** *Effect of Motion on Time for Appeal.* If a timely Motion is filed in the Bankruptcy Court by any party:

(1) for Judgment nothwithstanding the verdict under Rule 9015;

(2) Under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the Judgment would be required if the Motion is granted;

(3) Under Rule 9023 to alter or amend the Judgment; or

(4) Under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the Order denying a new trial or granting or denying any other such Motion.

Bankruptcy Rule 9023 applies Rule 59, Federal Rules of Civil Procedure to cases under the Bankruptcy Code. Rule 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the Judgment." Further, Rule 9024, Bankruptcy Rules, states that Rule 60, Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code. Rule 60(a) provides that clerical mistakes in judgments may be corrected by the Court on its own initiative or on the motion of any party. Rule 60(b) provides that on the motion of any party the Court may relieve a party from a final judgment, order or proceeding for mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, etc. It requires that the motion for relief shall be made within a reasonable time.

The issue of the timeliness of a motion under Rule 59 was addressed by the Supreme Court in *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 268, 98 S.Ct. 556, 563, 54 L.Ed.2d 521 (1978) in which the Court stated:

... In a civil case, however, the timeliness of a Motion for rehearing or reconsideration is governed by Rule 52(b) or Rule 59, each of which allows only ten days; and Rule 4(a) follows the "traditional and virtually unquestioned practice" in requiring that a Motion be timely if it is to toll the time for appeal.

A motion to set aside the judgment under Rule 60(b) was discussed by the court in the case of *Seaboard Leverage Fund and Admiralty Fund v. Spellman*, 666 F.2d 414 (9th Cir.1982) wherein the Court stated:

... "Analysis here must begin with the proposition that '[a] motion for relief from judgment under Rule 60(b) ... does not toll the time for appeal from or affect the finality of the original judgment.'" *Browder v. Director*, 434 U.S. 257, 263 n. 7 [98 S.Ct. 556, 560 n. 7]. Furthermore, "[t]he Court of Appeals may review the ruling [on a Rule 60(b) motion] only for abuse of discretion ... and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Id. Spellman's arguments must all be evaluated solely as they bear on the district court's exercise of discretion on the Rule 60(b) motion. He cannot prevail merely by showing that the default judgment itself was erroneous. *Seaboard* at 415.

It is clearly established and undisputed that from the order of September 4, filed September 5, 1985, no motion for any purpose or claim on behalf of appellant, First State Bank of Crossett, was filed or entered in accordance with the rules stated hereinabove for a timely appeal of said order. All time under the rules having expired, the order of the Bankruptcy Court entered September 5, 1985, became final and the Bankruptcy Court was without jurisdiction for any subsequent consideration or action.

Counsel for the appellant admits that the rules for appeals from decisions of the Bankruptcy Court are to be strictly construed. Further, counsel concurs that the filing of a timely notice of appeal within the 10–day filing period is jurisdictional and not subject to discretion. Citing *In re LBL Sports Center, Inc.*, 684 F.2d 410 (6th Cir. 1982).

It is contended by the appellant that the order of September 5, 1985 failed to comply with the findings of the Bankruptcy Court in its Memorandum Opinion of the same date and that the Bankruptcy Court, on its

own initiative, corrected the error by the entering of the order of December 5, 1985. This Court does not find anything in this record wherein the Bankruptcy Court reached the conclusion that there was an error in the original judgment entered September 5, 1985. Such action of the Bankruptcy Court would require compliance with Rule 60 of the Federal Rules of Civil Procedure. The only reference this Court finds with regard to the application of Rule 60 is reference made by counsel for the appellant. As already indicated no motion was filed for any such modification under Rule 60(b).

█ Based on the findings as included herein and the record as a whole, this Court is of the opinion that the judgment of the Bankruptcy Court entered December 5, 1985, should be declared invalid and the judgment of the Court entered September 5, 1985, should be reinstated as the appropriate, valid judgment based upon the Bankruptcy Court's Memorandum Opinion entered at the same time. The failure to timely appeal from the September 5, 1985, judgment renders it the final judgment of the Bankruptcy Court.

A separate judgment will be entered accordingly.

Assuming, but not deciding, that the Bankruptcy Judge's order of December 5, 1985, is determined to be a valid judgment setting aside the court's judgment of September 5, 1985, the question then for this Court would be the validity of the December 5, 1985, judgment based on the Memorandum Opinion of the Bankruptcy Court entered September 5, 1985.

From the above facts included in the Memorandum Opinion entered by the Bankruptcy Judge, James G. Mixon, the Court determined that the property of the estate of the debtor was transferred because the granting of a lien of the real property of the debtor is a transfer within the meaning of 11 U.S.C. § 548. The Court further held that the transfer (through granting of a lien) is deemed to have occurred at the time the lien is perfected if perfection occurs before filing. Further, it is determined by the Court that the recording of the mortgages in the office of the circuit clerk on April 6, 1983, constituted the final step under Arkansas law to perfect the transfer of the lien from the claims of a bona fide purchaser. (Citing Ark.Stat.Ann., 134 S.W. 627, 1911) Perfection thus occurred within one year of the filing of the petition.

The Bankruptcy Judge reached the conclusion that from established facts the transfer by the debtor should be set aside as a constructive fraudulent transfer under 11 U.S.C. § 548(a)(2)(A) and (B)(i), (ii).

The Bankruptcy Court determined that all of the elements of a fraudulent conveyance under 11 U.S.C. § 548 were present and, therefore, ordered that the lien of First State Bank of Crossett be set aside as a fraudulent conveyance. Also, it determined that the claim of First State Bank of Crossett be disallowed in full.

In reviewing the Bankruptcy Court's findings, this Court is bound by the clearly erroneous rule, i.e., findings of fact shall not be set aside unless clearly erroneous. Fed.R.Bankr. § 8013; *In re Windle*, 653 F.2d 328 (8th Cir.1981); *Brookfield Production Credit Assn. v. Borron*, 36 B.R. 445 (E.D.Mo.1983).

The Court has no difficulty in adopting the findings and conclusions of the Bankruptcy Judge that all of the elements of a fraudulent conveyance are present and that the lien of First State Bank of Crossett should be set aside as a fraudulent conveyance.

Based upon the decision of the Bankruptcy Court in its Memorandum Opinion, the decision of the Bankruptcy Court should be affirmed.

This conclusion and determination of the Court is reached if, and only if, the original decision of this Court were to be determined to be erroneous.

A separate order will be entered with this opinion.