**In re BEARHOUSE, INC., Debtor.**

**Claude S. HAWKINS, Jr.,
Trustee, Plaintiff,**

**v.**

**FIRST NATIONAL BANK, CROSSETT,
ARKANSAS; James Young; Robert
Cockrum; and Richard Earl Griffin,
Defendants.**

**Bankruptcy No. ED 87–42M.
AP No. 87–383M.**

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Feb. 13, 1989.

Claude Hawkins, Jr., Ashdown, Ark., Trustee.

Thomas S. Streetman, Crossett, Ark., for First Nat'l Bank.

1. The trustee filed an amended complaint on March 4, 1988, which added three defendants. An order was entered on September 23, 1988, bifurcating the trial on some of the issues in the

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On March 10, 1987, an involuntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code was filed against Bearhouse, Inc. (Bearhouse), and Hon. Claude S. Hawkins, Jr., was appointed trustee. On April 13, 1987, the case was converted to a proceeding under chapter 11, and Hawkins was appointed trustee with the agreement of the debtor. On July 24, 1987, the trustee filed this adversary proceeding against First National Bank of Crossett (First National).[1]

The following shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (K), and this Court has jurisdiction to enter a final judgment in the case.

The facts are not in dispute. On May 1, 1986, First National loaned Bearhouse $490,000. To secure this indebtedness, Bearhouse executed and delivered to First National a mortgage on certain real property located in Ashley County, Arkansas. Lonnie C. Couch (Couch), as president of Bearhouse, signed the mortgage and was authorized to do so on behalf of the corporation. Couch personally signed his name to the mortgage at the Bearhouse headquarters in Ashley County, Arkansas, in the presence of a bank officer. Thereafter, the bank officer returned the mortgage to First National where, at his request, Donna Rice (Rice), a notary public, notarized the signature of Couch. Rice did not personally witness the signature of Couch and was not personally acquainted with him.

The issue presented is whether the trustee, pursuant to his avoiding powers under 11 U.S.C. § 544, may avoid the lien of a mortgage which bears an acknowledgment proper on its face but which was not acknowledged in the manner prescribed by the applicable statutes.

adversary proceeding; therefore, the only issue to be determined at this time is the trustee's action against First National.

11 U.S.C. § 544(a) provides in part as follows:

> (a) The trustee ... may avoid any transfer of property of the debtor ... that is voidable by—
>
> > (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
> >
> > ....
> >
> > (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

This section gives to the trustee a cause of action to avoid most prepetition liens unless the liens were perfected under state law prior to the date the petition was filed. *Shuster v. Doane (In re Shuster),* 784 F.2d 883, 884 (8th Cir.1986); *In re Wallace,* 61 B.R. 54, 56 (Bankr.W.D.Ark.1986); 4 *Collier on Bankruptcy* ¶ 544.01 (15th ed. 1988). With its status as an "ideal creditor," the trustee is afforded the same rights and priorities in regard to real property that a judgment lien creditor or subsequent bona fide purchaser would have over an unperfected mortgage lien. 4 *Collier on Bankruptcy* ¶ 544.02 (15th ed. 1988). A mortgage lien is perfected against subsequent encumbrances by recording the mortgage in the office of the circuit clerk of the county in which the mortgaged lands are situated.[2] Ark.Code Ann. § 18–40–102 (1987). The recording constitutes constructive notice of the prior encumbrances and perfects the lien against claims of bona fide purchasers or subsequent encumbrances. *Id.; W.E. Tucker Oil Co. v. First State Bank of Crossett (In re W.E. Tucker Oil Co.),* 55 B.R. 78, 81 (Bankr.W.D.Ark.1985), *aff'd,* 64 B.R. 183 (W.D.Ark.1986); *In re Watson,* 99 F.Supp. at 54–55; *O'Neill v. Lyric Amusement Co.,* 119 Ark. 454, 459, 178 S.W. 406, 408 (1915); *Thornton v. Findley,* 97 Ark. at 436, 134 S.W. at 628.

Before a mortgage may be properly filed for record, it must comply with applicable state law regarding acknowledgment of deeds for the conveyance of real estate. Ark.Code Ann. § 18–40–101 (1987). *See* Ark.Code Ann. §§ 16–47–101 to –218, 18–12–201 to –209 (1987). Ark.Code Ann. § 18–12–206(a) requires that the person acknowledging the mortgage must appear "in person before a court or officer having the authority by law to take the acknowledgment." *See also* Ark.Code Ann. § 16–47–106(a) (1987). In most instances, an instrument which is not properly acknowledged under Arkansas law does not constitute constructive notice to third parties and does not entitle the defectively acknowledged instrument to priority over subsequent encumbrances or subsequent bona fide purchasers. *See, e.g., Cumberland Bldg. & Loan Ass'n v. Sparks,* 111 F. 647, 649–50 (8th Cir.1901); *Dean v. Planters Nat'l Bank of Hughes,* 176 F.Supp. 909, 912–13 (E.D.Ark.1959); *Wyatt v. Miller,* 255 Ark. 304, 306–07, 500 S.W.2d 590, 591 (1973); *Bank of Weiner v. Jonesboro Trust Co.,* 168 Ark. 859, 861, 271 S.W. 952, 953 (1925); *O'Neill v. Lyric Amusement Co.,* 119 Ark. at 459, 178 S.W. at 408; *Dodd v. Parker,* 40 Ark. 536, 540 (1883); *Main v. Alexander,* 9 Ark. at 117. However, the majority rule is that a recorded

---

2. Under well-settled Arkansas law, an unrecorded mortgage is good between the parties but does not constitute a lien against third parties, even if the third party has actual notice of the prior mortgage. *E.g., In re Watson,* 99 F.Supp. 49 (W.D.Ark.1951); *In re T.H. Bunch Commission Co.,* 225 F. 243 (E.D.Ark.1915), *rev'd on other grounds,* 246 U.S. 658, 38 S.Ct. 425, 62 L.Ed. 925 (1918); *Sims v. Petree,* 206 Ark. 1023, 178 S.W.2d 1016 (1944); *Jacoway v. Gault,* 20 Ark. 190, 191 (1859); *Main v. Alexander,* 9 Ark. 112 (1848). The lien attaches only when the mortgage is filed for record, *Halbrook v. Lewis,* 204 Ark. 579, 163 S.W.2d 171 (1942); *Thornton v. Findley,* 97 Ark. 432, 134 S.W. 627 (1911); and priorities are determined from the date of recording, *Carpenter v. Walker,* 199 Ark. 829, 138 S.W.2d 68 (1940); *Mitchell v. Badgett,* 33 Ark. 387 (1878).

mortgage which is regular on its face will constitute constructive notice to subsequent mortgagees notwithstanding the latent defect, absent fraud, duress or forgery. 1A C.J.S. *Acknowledgments* § 14 (1985); Annotation, *Record of Instrument Without Sufficient Acknowledgment as Notice*, 59 A.L.R.2d 1299, 1315–17 (1958, Supp.1984 & Supp.1988). *See, e.g., Casbeer v. State Federal Sav. & Loan Ass'n of Lubbock (In re Casbeer)*, 793 F.2d 1436 (5th Cir.1986); *Franklin Sav. & Loan Co. v. Riddle*, 216 S.C. 367, 57 S.E.2d 910 (1950).

Although there is no definitive decision of the Arkansas Supreme Court on the precise issue, prior decisions suggest that Arkansas would follow the majority rule. In the Arkansas cases where the courts have determined that constructive notice to third parties was not provided by a defectively acknowledged instrument, the irregularity was apparent on the face of the instrument, either by reference to the acknowledgment alone or to the instrument as a whole. *See, e.g., Bank of Hampton v. Wright*, 35 F.2d 321, 322–23 (8th Cir.1929) (acknowledgment of mortgage omitted fact of authorization by corporation); *Cumberland Bldg. & Loan Ass'n v. Sparks*, 111 F. at 649–50 (mortgage was not acknowledged before two disinterested witnesses); *Dean v. Planters Nat'l Bank of Hughes*, 176 F.Supp. at 912 (absence of acknowledgement); *Drew County Bank & Trust Co. v. Sorben*, 181 Ark. 943, 944–45, 28 S.W.2d 730, 730–31 (1930) (failure to use proper words in acknowledgment of mortgage); *Prince v. Alford*, 173 Ark. 633, 638, 293 S.W. 36, 38 (1927) (absence of acknowledgment); *Bank of Weiner v. Jonesboro Trust Co.*, 168 Ark. at 861, 271 S.W. at 953 (notary public did not sign acknowledgment of chattel mortgage); *Leonhard v. Flood*, 68 Ark. 162, 165–66, 56 S.W. 781, 782–83 (1900) (surety signed mortgage and took acknowledgment); *Conner v. Abbott*, 35 Ark. 365, 374 (1880) (failure to use proper words in acknowledgment); *Dodd v. Par-*

*ker*, 40 Ark. at 539–40 (absence of acknowledgment); *Main v. Alexander*, 9 Ark. at 117–18 (absence of acknowledgment). In the cases which have found that constructive notice was provided by a defectively acknowledged instrument, the defect was not apparent on the face of the instrument. *Abernathy v. Harris*, 183 Ark. 22, 24, 34 S.W.2d 765, 765–66 (1931) (acknowledgment of mortgage by telephone was "regular on its face and conform[ed] to the statute"); *Eades v. Morrilton Lumber Co.*, 172 Ark. 48, 54–55, 288 S.W. 1, 3 (1926) (acknowledgment taken by shareholder of mortgagee corporation). *See Clifford v. Federal Bank & Trust Co.*, 179 Ark. 948, 950–52, 19 S.W.2d 1026, 1026–27 (1929) (certificate of acknowledgment which was regular on its face was conclusive of facts stated therein even though no "ceremony" was performed); *Wooten v. Farmers' & Merchants' Bank*, 158 Ark. 179, 186–87, 249 S.W. 569, 571–72 (1923) (relinquishment of dower taken by telephone was valid); *Davis v. Hale*, 114 Ark. 426, 433–36, 170 S.W. 99, 102 (1914) (deed of trust acknowledgment taken by shareholder of lender corporation did not invalidate acknowledgment or lien on property); *Stallings v. Poteete*, 17 Ark.App. 62, 65–66, 702 S.W.2d 831, 833 (1986) (lease acknowledged by telephone was valid; acknowledgment was "regular on its face"). The facts in this case fall within the second category of decisions.

Ark.Code Ann. § 16–47–207 provides examples of acknowledgments that may be used by officers. The corporate acknowledgment completed by Rice is identical to the form provided in section 16–47–207(2).[3] On its face, the acknowledged mortgage bears no indication of irregularity or defect, and conforms with applicable state law. A recording clerk presented with this instrument would be required to record it under Arkansas law. *Eades v. Morrilton Lumber Co.*, 172 Ark. at 55, 288 S.W. at 3; 1A C.J.S. *Acknowledgments* § 14 at p. 169. If the clerk is under a duty to record an

---

**3.** The Eighth Circuit Court of Appeals has held that a "literal use of the statutory language is not requisite" and that an acknowledgment will be sufficient if "substantial compliance as to essentials is present." *Bank of Hampton v. Wright*, 35 F.2d at 322. *See also Jacoway v. Gault*, 20 Ark. at 194.

acknowledged instrument that is regular on its face, the recording must constitute constructive notice to third parties if the concept of constructive notice is to have any practical application. *See Polster v. Langley,* 201 Ark. 396, 400–01, 144 S.W.2d 1063, 1066 (1940) (third parties have a "right to rely upon the face of the mortgage record"). As Justice Hart stated in *Eades:* "Any other rule would destroy the reliability of the public records and lead·to most mischievous results." *Eades,* 172 Ark. at 55, 288 S.W. at 3.

Since the mortgage in question was regular on its face and there was no evidence of fraud or forgery, the act of recording perfected First National's lien, and the trustee may not properly avoid it under 11 U.S.C. § 544.

A separate judgment pursuant to Rule 9021 will be entered in favor of the defendant consistent with this opinion.

IT IS SO ORDERED.